CLEVELAND J. MARCEL, Sr., Judge Pro Tem.
In this automobile accident case a backing motorist collided with an automobile being driven along a public street. From a judgment in favor of plaintiff George Shaw, Jr., the backing-motorist defendant Wayne Van Dyke has appealed.
At approximately 5:00 P.M. on January 17, 1973, Shaw was driving his 1965 Plymouth in a northerly direction in the 1900 block of Lafayette Street in New Orleans. Van Dyke, parked in a position perpendicular to and headed away from Lafayette Street, began to back his vehicle out into the street and in doing so struck the left side of Shaw’s moving vehicle. There was some conflict in the testimony concerning Shaw’s position when he first saw the backing vehicle and sounded his horn — that is, whether or not Shaw could have avoided the accident despite Van Dyke’s negligence in backing his vehicle without exercising a proper lookout. The trial judge resolved this conflict in favor of Shaw, awarded him $275.60 and dismissed defendant’s reconventional demand.
On appeal the significant issues are whether Shaw was negligent, whether he had the last clear chance and whether Van Dyke was prejudiced by the trial judge’s refusal to permit cross examination of a plaintiff’s witness on the issue of automobile values.
This court is convinced that the trial judge did not err in finding negligence on the part of Van Dyke. “In the operation of an automobile, the backing maneuver is one which must be exercised with the utmost caution.” Vonderbruegge v. Bethea, 250 So.2d 407 (LaApp. 1st Cir., 1971); see also Dupree v. Wyatt, 255 So.2d 425 (LaApp. 4th Cir. 1971). The Louisiana Legislature has expressly *810 mandated the care to be exercised in backing maneuvers in LSA-R.S. 32:281 (A):
“The driver of a vehicle shall not back the same unless such movement can be made with reasonable safety and without interfering with [the] other traffic.”
This statute and the jurisprudence of this state require that the backing of a motor vehicle be conducted with great care and attention. The defendant failed to exercise the required degree of care and attention.
The central question, then, concerns Shaw’s contributory negligence. Van Dyke contends that Shaw observed the backing vehicle at a distance within which Shaw could easily have stopped, yet he merely blew his horn and kept coming. Shaw contends that when he first saw the backing vehicle it was too late to stop, so he blew his horn and continued on, but the Van Dyke car kept backing and struck the side of Shaw’s car as it passed. The trial judge resolved the conflict in favor of Shaw, and on appeal there has been no showing of error. We therefore affirm the trial judge’s finding that Shaw was not contributorily negligent.
 The doctrine of last clear chance can apply only when both plaintiff and defendant are negligent. St. Amant v. Travelers Ins. Co., 233 So.2d 23 (La.App. 4th Cir. 1970); Tabor v. Southern Farm Bureau Casualty Insurance Company, 281 So. 2d 824 (La.App. 1st Cir. 1973). Having-found that defendant was negligent and plaintiff was free of negligence, this doctrine is inapplicable.
Van Dyke further complains that he was prejudiced in that the trial judge refused to permit the cross examination of Shaw on the question of the salvage value of his automobile. This court agrees with the trial judge’s ruling that since Shaw is not an expert, his testimony could not contribute significantly to this question and therefore no prejudice resulted.
For the foregoing reasons, the judgment appealed from is affirmed, with all costs assessed to defendant-appellant.
Affirmed.