SAMUEL, Judge.
Plaintiffs, Mr. and Mrs. Antoine Vinet, Jr., filed this suit against Donald Bostic for damages sustained on January 28, 1971 in an automobile accident. The defendant denied any negligence on his part and averred the collision occurred solely as the result of negligence on the part of the plaintiff driver in crossing over the center line of the roadway and striking the left rear of defendant’s automobile.
After a trial on the merits, there was judgment awarding Mrs. Vinet $1,000 for her injuries and Mr. Vinet, the sum of $391.20, representing medical expenses incurred on behalf of his wife and the cost of repair to his automobile. The defendant has appealed.
The accident occurred at approximately 7:30 p. m. in the City of New Orleans at the point where West End Boulevard[1] merges with and becomes part of Lake-shore Drive. Mr. Vinet was operating his vehicle on Lakeshore Drive in a northerly direction towards Lake Pontchartrain, and the defendant was backing his car into the *139 southbound lane or lanes of Lakeshore Drive from a parking area in - front of a lounge called Anchor Inn. The evidence as to other facts regarding the manner in which the accident occurred, which evidence consists of testimony given by four eye witnesses, the plaintiffs, the defendant and the defendant’s guest passenger, is in conflict.
Plaintiffs testified they were proceeding towards Lake Pontchartrain. At the point of the collision the road consisted of two lanes, one accommodating northbound traffic and the other accommodating southbound traffic. Their vehicle was stopped in the northbound lane in a blocked line of traffic just across Lakeshore Drive from the Anchor Inn. They saw the defendant come out of the Anchor Inn, get into his automobile, and back out of the parking area into the southbound lane. Mr. Vinet blew his horn and this caused the defendant to stop backing. However, the defendant immediately resumed backing and continued to do so until the left rear of his automobile struck the right front of the stationary plaintiff car. The collision injured Mrs. Vinet who occupied the front seat to her husband’s right.
Adolph Oliver, the guest passenger in the defendant vehicle, testified he had been with the defendant for some time prior to the accident. They had visited a lounge in another part of the city where the defendant consumed only a Coca Cola. Thereafter, they went to the Anchor Inn where the defendant drank one beer (in 45 minutes). .The roadway on which the accident occurred consisted of two lanes for northbound traffic and two lanes for south-bpund traffic, with a double yellow line in the middle of the roadway separating the two sets of lanes. As the defendant backed his vehicle out of the parking area in front of the Anchor Inn, in order to proceed in a southerly direction away from the lake, he stopped about three or four feet before the rear of his car reached the roadway midlines to allow two automobiles (the second of which was the plaintiff car) approaching in the northbound roadway to pass before he completed the backing maneuver. The first vehicle which was in the left or inside lane of traffic, executed a right turn in front of the plaintiff vehicle. At that time plaintiff veered across the midlines to his left in order to avoid striking the vehicle turning in front of him and struck the rear of the defendant automobile.
Defendant’s testimony was similar to that of Oliver’s with regard to prior activity on the night in question and the amount of alcohol which he consumed. He further testified there was no traffic congestion on the night in question and he had no trouble backing from the parking area in front of the Anchor Inn into the southbound lanes of the roadway. He estimated that when he stopped to allow the two approaching vehicles to pass, the rear of his automobile was a foot from the middle line of Lake-shore Drive. He also testified the vehicle preceding plaintiff’s automobile was in the right or outside lane of traffic traveling toward Lake Pontchartrain when it executed a right turn. He claimed plaintiff veered to the left across the midlines of the roadway to avoid striking the right-turning vehicle even though it was not in his path, thus causing the accident.
The statutory duty imposed on drivers exercising a backing maneuver is set forth in R.S. 32:281 (A), which provides :
“The driver of a vehicle shall not back the same unless such movement can be made with reasonable safety and without interfering with other traffic.
“B. The driver of a vehicle shall not back the same upon any shoulder or roadway of any controlled-access highway except as a result of an emergency caused by an accident or breakdown of a motor vehicle.” LSA-R.S. 32:281 (A)
When the motorist is backing from a parking area into a street he must exercise such a maneuver with utmost caution and *140 use great care and attention to be sure that it can be accomplished without interfering with other vehicles.[2]
The trial judge was faced with an obvious conflict in testimony regarding how the accident occurred. Under such circumstances much weight is given to his findings of fact, and there is nothing in the record to demonstrate any error on his part. He must have accepted the facts as related by the plaintiffs and concluded the defendant backed his automobile from the parking area in front of the Anchor Inn across Lakeshore Drive and struck the plaintiff vehicle. Such action by the defendant clearly violated the statutory and jurisprudential duty imposed upon him.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Although not material to this case, we note the testimony mistakenly refers to West End Boulevard as Robert E. Lee Boulevard.

. Shaw v. Van Dyke, La.App., 287 So.2d 808; Richard v. General Insurance Co., La.App., 62 So.2d 533; Bush v. Williams, La.App., 74 So.2d 335. See also Vonderbruegge v. Bethea, La.App., 250 So.2d 407 and Dupree v. Wyatt, La.App., 255 So.2d 425.