436 So.2d 729 (1983)
Harold J. SCHACKAI and Priscilla Schackai
v.
TENNECO OIL COMPANY and the Travelers Indemnity Company.
No. CA 0602.
Court of Appeal of Louisiana, Fourth Circuit.
August 3, 1983.
Writ Denied November 4, 1983.
*730 Francis G. Weller and Marc J. Yellin of Deutsch, Kerrigan & Stiles, New Orleans, for appellants.
*731 Leonard J. Cline, Metairie, for appellees.
Before GULOTTA, CIACCIO and WILLIAMS, JJ.
CIACCIO, Judge.
This is an appeal from a judgment awarding plaintiffs, Harold J. Schackai and Priscilla Schackai, $21,129.83 and $193,353.01, respectively, for injuries suffered in an automobile collision. On appeal, defendants, Tenneco Oil Company and its insurer, The Travelers Indemnity Company, attack the credibility of plaintiffs' evidence as to liability, complain that the trial court failed to rule upon the third-party action against Harold J. Schackai, argue the excessiveness of the awards and specify error in the award of pre-judgment interest on awards for future loss of income and for future pain and suffering. Plaintiffs have answered the appeal arguing that the awards are inadequate.
Mr. and Mrs. Schackai were travelling together southbound on Colonial Drive in Violet, Louisiana. Mr. Schackai was driving. As they approached the intersection of Colonial Drive and Third Street, the van in which they were travelling collided with a pickup truck operated by Wilvie Sharp, an on duty employee of Tenneco Oil Company. The Schackai van sustained damage to the right front quarter panel.
The left rear bumper of Mr. Sharp's truck was slightly damaged. Property damage has not been raised as an issue on this appeal. The Schackai's, however, alleged personal injuries for which the court granted recovery. Mr. Sharp apparently was not injured.

LIABILITY
The Schackais testified that they were travelling in the left lane on Colonial Drive at approximately 30 miles per hour when Mr. Sharp backed his truck out of his driveway and partly into the left lane of Colonial Drive. The Schackais testified that at this point the collision occurred, i.e., Mr. Sharp backed into the Schackai van. Mr. Schackai, who was driving, testified that he attempted to avoid the accident but did not have sufficient time to do so.
Officer Kastner, from the St. Bernard Parish Sheriff's Office, testified that he investigated the accident and was told by Mr. Sharp that he was backing out at the time of impact. Officer Kastner further testified that he found debris which he related to this accident to the north of Mr. Sharp's driveway, mostly in the left lane and center of the street.
The testimony of Wilvie Sharp differs from that of the plaintiffs and Officer Kastner. He testified that he had already backed out of the driveway and was actually proceeding forward in the right lane when he was rear-ended by plaintiffs' van. Mr. Sharp agrees that he told Officer Kastner that he was backing out, but claims the officer cut him off at that point and did not allow him to complete his statement that he was moving forward at the time of collision. Officer Kastner denies that he cut off Mr. Sharp.
Officer Kastner did not issue any traffic tickets in connection with this accident.
Ms. Joy Johnson also testified. She lives two houses away from Mr. Sharp. She did not witness the accident, but observed the vehicles shortly after the accident. She testified as to what location she thought the vehicles were in when she observed them. She was not sure, however, of the actual location of the vehicles.
In his reasons for judgment the trial court stated the following:
"... all indications are that the accident did take place in the left lane of Colonial Drive nearest the neutral ground and that Mr. Sharp had backed from his driveway, causing the accident.
The court is satisfied that Wilvie Sharp failed to operate his vehicle as would be required of a reasonably prudent person under the circumstances; that he failed to maintain the diligence necessary in backing out of a driveway onto a public street."
Defendants argue that the trial judge erred in his finding of liability because *732 the testimony offered by the plaintiffs was not credible and could not, therefore, support the judgment. When there is testimony in the court below, reasonable evaluations of credibility and inferences of fact should not be disturbed upon review even though the appellate court may feel its own evaluations and inferences are as reasonable. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Abadie v. Morales, 391 So.2d 974 (La.App. 4th Cir.1980). The trial judge made a credibility determination based upon the testimony of all witnesses presented at trial. Our review of the testimony convinces us that the trial judge's credibility evaluations and factual inferences were reasonable and, therefore, will not be disturbed.
Based upon his factual findings, the trial judge correctly applied the law in determining liability. The statutory duty imposed upon a driver exercising a backing maneuver is set forth in La.R.S. 32:281(A), which provides:
"A. The driver of a vehicle shall not back the same unless such movement can be made with reasonable safety and without interfering with other traffic."
See also: La.R.S. 32:124. An unusually high degree of care is required of those who back from private driveways into main thoroughfares. When executing such a maneuver the motorist must proceed with utmost caution and use great care and attention to be sure that it can be accomplished without interfering with other vehicles. Vinet v. Bostic, 305 So.2d 138 (La.App. 4th Cir.1974); Dupree v. Wyatt, 255 So.2d 425 (La.App. 4th Cir.1971).

THIRD PARTY DEMAND
Defendants filed a third party petition in which they pleaded that the accident had been caused solely by the negligence of Harold J. Schackai. Alternatively, defendants pleaded that Mr. Schackai's negligence "was a contributing proximate cause of the injuries to Priscilla Schackai, and [defendants] are entitled to have contribution from Schackai and his liability insurer in the amount of one-half of any amounts [defendants] may be adjudged liable to Priscilla Schackai." Mr. Schackai's sole negligence, contributory negligence and/or assumption of the risk were also pleaded in defendants' answer to the plaintiffs original petition. On appeal, defendants complain that the district court erred in not ruling on defendants' third-party petition.
While it would have been preferable for the trial court to have rendered a judgment specifically on the third-party petition, it is apparent from the judgment rendered on the original petition and the trial judge's reasons for judgment, that the third party demand was decided in favor of third party defendant, Harold J. Schackai. The trial judge found that Mr. Sharp caused the accident by his negligence. The trial judge's reasoning implies that he concluded that Mr. Schackai was not negligent. No useful purpose would be served by remanding this matter to allow the trial judge to issue a judgment on the third party petition. In the interest of judicial economy, we will, therefore, render judgment based upon the trial judge's evaluations of credibility and findings of fact, dismissing the third party petition.

QUANTUM
On the question of quantum the trial judge provided well articulated reasons for the awards he gave to plaintiffs. His reasons follow:
Mrs. Schackai, who was a guest passenger in the vehicle driven by her estranged husband, was awarded the sum of $193,353.01, which was itemized as follows:

Medical Bills $21,550.01
Loss earnings from the date of
accident, 3-31-80, to 5-5-82,
date of trial 16,803.00
Loss of future wages and
benefits 75,000.00
Past, present and future pain
and suffering 80,000.00

The amount of the medical bills to date, to-wit: $21,550.01 was stipulated to by counsel.
As for the amount of $80,000.00 that the court granted for past, present and future pain and suffering, the court took into consideration that Mrs. Schackai was *733 treated by Dr. James Boyce, chiropractor several days after the accident and for a period of approximately six months. She found no apparent relief for the injuries sustained by this accident and therefore sought the services of Dr. Raeburn Llewelyn whose medical opinion indicated there was disc involvement at the C4-5 level.
Mrs. Schackai was also treated by Dr. Walter Brent who prescribed medicine for complaints to her neck and lower back. Apparently, from the medicine he prescribed and from the stress that she was under at the time, Mrs. Schackai developed an ulcer for which she was hospitalized on May 15, 1981 and was treated by Dr. Bijan Motoghedi, internist.
Several months later, on July 7, 1981, she was admitted to Chalmette General for both cervical and lumbar myelograms and was treated by Dr. Bert Bratton, who found a disc rupture at the C4-5 and C5-6 levels. A lumbar myelogram also showed a rupture at the L4-5 level. Dr. Bratton performed a cervical disectomy and interbody fusion at the C4-5 and C5-6 levels. Mrs. Schackai was then discharged from Chalmette General on July 28, 1981.
On September 9, 1981, Mrs. Schackai was again hospitalized and placed in cervical traction and discharged four days later.
Five days later, it was necessary that she be hospitalized again for low back pains and Dr. Bert Bratton performed lumbar disectomy at the L4-5 level and she was discharged on December 22, 1981. Dr. Bratton stated that it was his medical opinion that Mrs. Schackai had a 20% to 25% residual disability. Hence, the award by the court for $80,000.00 for past, present and future pain and suffering.
As to the question of lost wages, the court takes note that Mrs. Schackai was 34 years of age at the time of the accident and was employed by Lil General and that she was making $4.25 per hour.
The court has at its disposal the testimony of Dr. Melville Wolfson, who qualified as an expert in the field of economics. While the court has taken into consideration the calculation presented by Dr. Wolfson, the court is not convinced that there is no possibility that Mrs. Schackai can earn some wages in the future. She was employed and worked after the accident and again worked after the time of her surgery. She is 36 years old and only has a ninth grade education; however, her physicians did testify that she could possibly do some type of work.
Accordingly, the court awarded less than the amount calculated by Dr. Wolfson, but in accordance with the 25 year work life expectancy; and assuming Mrs. Schackai may be able to earn some wages intermittently during her life-time, the court awarded the sum of $75,000.00 to Mrs. Schackai to compensate her for the impairment of her earning capacity and the loss of the benefits which she would have been able to receive had she been able to continue in the employment which she enjoyed at the time of the accident.
The court awarded $21,129.83 to Harold J. Schackai.
The medical bills total $11,129.83 and were stipulated between counsel, and the court awarded Mr. Schackai the sum of $10,000.00 for past, present and future pain and suffering.
Mr. Schackai has been collecting monthly payments from Social Security for permanent and total disability since January 13, 1978, and this particular accident occurred on March 13, 1980. From a review of the records from Social Security, it indicates that Mr. Schackai had been complaining of cervical pain since his application for benefits which first occurred on September 27, 1978. According to Social Security reports, Dr. Vogel's report in a hospital chart of December 1, 1976 stated "He continues to relate cervical pain with weakness of the left grip, and the impression is that he has a herniated cervical disc." Excerpts throughout Social Security records indicate that Mr. Schackai has been complaining of neck problems from 1976.

*734 The testimony of Dr. James Boyce, who first treated Mr. Schackai after the accident, indicated that Mr. Schackai was under his care just a short time before the accident in question. During the pendency of this suit, Mr. Schackai was involved in another accident and filed suit two days before the prescriptive date.
Medical testimony indicates that on May 27, 1981 Mr. Schackai was placed in St. Charles General and operated on for a cervical disc. The court heard certain testimony relative to the numerous operations performed by Dr. David Jarrot, the treating physician, and some disparaging remarks were made about Dr. Jarrot.
Taking all these matters into consideration, particularly, the fact that Mr. Schackai had been involved in numerous accidents prior to this time, and that he had been declared totally and permanently disabled by the Social Security Administration since 1978, the court awarded the sum of $10,000.00 for his past, present and future pain and suffering.
Since Mr. Schackai had not worked since 1978 the court certainly could not consider awarding him any money for loss wages or future loss wages.
Defendants argue that the trial court committed manifest error by awarding any damages to Mr. Schackai. Again defendants attack Mr. Schackai's credibility and argue that his operation was unnecessary and that he deceived his doctors into thinking that his injuries were related to this accident. Defendants conclude, therefore, that they are not liable for any medical expenses or for any award relating to Mr. Schackai's pain and suffering.
Defendants further argue that the trial court erred in awarding Mrs. Schackai damages for loss of income, and in awarding her excessive damages for pain and suffering. Defendants question Mrs. Schackai's credibility also, claiming that she was less than credible when testifying about her work with Lil General and that she deceived her doctors by not giving them her full medical and personal history. The result of this deception, defendants conclude, is that any opinions of her doctors pertaining to causation must be questioned.
Plaintiffs also argued that the trial court erred in awarding damages. With respect to Priscilla Schackai, it is contended that the district court committed manifest error in that the judgment rendered is deficient in the amount of $85,000.00 due to the fact that the court awarded her an inadequate sum for loss of future wages and benefits. With respect to Harold Schackai, it is contended that the district court committed manifest error in that the judgment awarded is deficient in the amount of $165,000.00, in view of the fact that the court failed to award damages for past, present or future lost wages, and awarded an inadequate sum for past, present and future pain and suffering.
Evidence in connection with all of these arguments concerning quantum was presented to the trial judge at the trial. The trial judge heard testimony from lay witnesses and expert witnesses on the extent and causation of personal injuries and on the question of lost wages and earning capacity. The trier-of-fact is obliged to assess the credibility of experts as well as lay witnesses who testify at trial, to determine the most credible and realistic evidence. After weighing and evaluating all of the medical evidence, and the lay testimony, relating to the injuries sustained by a plaintiff, the trier-of-fact may accept or reject the opinion expressed by any medical expert, depending upon how he is impressed with the qualifications and the testimony of that expert. The same prerogative is afforded the trier-of-fact when weighing and evaluating expert and lay evidence given on other elements of damages, such as lost wages and lost earning capacity. The fact finder's determinations based upon the credibility of witnesses will not be disturbed unless found to be clearly erroneous. Guidry v. Davis, 382 So.2d 250 (La.App. 3d Cir.1980); Lewis v. Orleans Parish School Board, 371 So.2d 328 (La.App. 4th Cir.1979). Based upon his evaluations of the evidence the trial judge found a causal connection *735 between the accident and the damages he awarded plaintiffs.
Our review of the record does not indicate this conclusion to be clearly erroneous.
The law accords the trier-of-fact "much discretion" in awarding damages. La.C. C. art. 1934(3). The trial court gave careful consideration to all of the evidence before determining the amounts of damages he gave the plaintiffs. Absent an abuse of the trier-of-fact's much discretion, we will not disturb the awards. Wilson v. Magee, 367 So.2d 314 (La.1979). We have carefully reviewed the entire record. We find no abuse of discretion, therefore, we will not disturb the awards.

Pre-Judgment Interest for Future Losses
Defendants' final specification of error involves the award of interest from the date of judicial demand on all quantum elements. Defendants argue that the district court erred in awarding pre-judgment interest on awards for future loss of income, and for future pain, suffering and mental anguish. We find no error.
In Louisiana law there are statutory and codal provisions which apply to awarding interest on judgments. La.C.C.P. Art. 1921 and La.R.S. 13:4203 apply in this case and provide as follows:
Art. 1921. Interest allowed by the judgment
The court shall award interest in the judgment as prayed for or as provided by law.
§ 4203. Interest on judgments from judicial demand in ex delicto cases
Legal interest shall attach from date of judicial demand, on all judgments, sounding in damages, "ex delicto", which may be rendered by any of the courts.
Thus, the Louisiana law is clear that in suits for damages "ex delicto", the court shall award interest from the date of judicial demand. No differentiation is made between those elements of quantum which recompense for past losses and those which recompense for future losses. The trial judge correctly awarded interest from the date of judicial demand on all elements of the awards.
In support of their argument defendants cited no Louisiana cases. We have found none which directly address this issue. Defendants do cite a sentence from Hamilton v. Canal Barge Company, Inc., 395 F.Supp. 978 (E.D.La.1975), in support of their position. We note that the federal court in that case was not dealing with Louisiana law concerning the awarding of interest on judgments and the actions of the court were not mandated by the statutory and codal provisions cited above.

DECREE
For the reasons assigned, the judgment of the trial court is affirmed. Additionally, defendant's third party petition against Harold J. Schackai is hereby dismissed. All costs of this appeal are assessed against defendants.
AFFIRMED, THIRD PARTY DEMAND DISMISSED.