599 So.2d 434 (1992)
Fred CORLISS,
v.
ELEVATING BOATS, INC., ABC Insurance Co., Continental Co. and XYZ Insurance Co.
No. 91-CA-1768.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1992.
*435 Robert W. Drouant, New Orleans, for plaintiff/appellee.
Charles Hooker, Braithwaite, for defendants/appellants.
Before PLOTKIN, JONES and WALTZER, JJ.
WALTZER, Judge.
Defendant Elevator Boats, Inc. (EBI) appeals a trial court judgment awarding the plaintiff Fred Corliss $80,033.34 and dismissing the defendant Conoco. Corliss received $1,556.34 in outstanding medical expenses, $3,477.00 in lost wages and $75,000.00 in general damages, for damages he sustained from a knee injury on January 27, 1985, when he slipped in shin-high sludge of approximately 400 gallons of mud, saltwater, and hydraulic oil, on the deck of the M/V JOHN REDMAN ELEVATOR, which was owned by EBI. The defendant Conoco has not appealed. Plaintiff has answered the appeal raising several specifications of error.

Defendant's Specification of Error # 1
Defendant-appellant argues that the finding that the M/V JOHN REDMAN ELEVATOR was unseaworthy because of a leaking fitting in a hydraulic line was contrary to the weight of the evidence. The ship's log clearly indicates that the vessel suffered hydraulic leaks, leaks from the rudder post, and bilge flooding on a recurring basis for six weeks prior to the accident. These conditions were documented on the log by two shipmasters other than the plaintiff. The district court correctly found the vessel to be unseaworthy, because oil and water in the bilge had to be removed manually. A properly working *436 bilge pump, fitted with the requisite belts, was not installed until February 14, 1985. The leaking fitting, which in a foreseeable and unbroken chain of events caused the accident, rendered the vessel unseaworthy on January 27, 1985. This specification of error is without merit.

Defendant's Specification of Error # 2
Defendant's second specification is that the trial judge erred in refusing to allow defense witness Ronnie Shepperd to testify. Shepperd was listed as a witness on the pretrial order, but plaintiff was never furnished the address of this witness, nor was he told of his potential whereabouts. The witness simply showed up on the day of trial to testify.
Additionally, defendant asserts that the district court erred in disallowing the introduction of plaintiff's military records into evidence for impeachment purposes. Counsel never received a copy of the military records, although counsel had previously agreed in depositions to furnish the records for inspection and perusal upon receipt. Defense counsel engaged in a repeated pattern of violation of discovery, i.e. refusing to forward copies of military records and failing to disclose Shepperd's whereabouts prior to trial. The trial court judge has considerable discretion in the admission of evidence and testimony of witnesses under these circumstances, and properly exercised his discretion in light of defendant's repeated abuse of discovery. There is no merit to these assignments of error.

Defendant's Specification of Error # 3
Next, defendant alleges error because plaintiff was permitted to recover damages due to an accumulation of hydraulic oil in the bilge of the vessel, and because the accumulation resulted when plaintiff was tightening the broken fitting. Defendant asserts that plaintiff had the sole responsibility for maintaining the vessel and that his duties included the cleaning of the vessel bilge, identifying leaks, and inspecting the vessel on a daily basis. Defendant asserts that it was the master's inaction in face of the breakage that caused the unseaworthiness of the vessel and resulted in the accident.
The accumulation of approximately 400 gallons of hydraulic oil, mud, and saltwater resulted from the leaking rudder post and leaking hydraulic system on several occasions prior to and after the incident at issue. Thus, the breaking of the fitting was not the cause of the accumulation. This specification of error is meritless.

Defendant's Specification of Error # 4
EBI asserts that the trial judge erred when he found that the plaintiff suffered a tear of the right medial meniscus while on the vessel. Defendant claims that the initial attending physician, Dr. Emile Bertucci, found to the contrary. The record reflects that Dr. Emile Bertucci, EBI's company physician, referred plaintiff to an orthopedic surgeon, Dr. Milton Rosenkrantz. Dr. Bertucci is listed as the admitting physician on plaintiff's surgical record. Additionally, the operative notes confirm the diagnosis of torn right medial meniscus. EBI argues that since Dr. Bertucci did not make the diagnosis initially, some subsequent unproven or unknown additional accident or other incident caused the tear. There is no proof of such an incident. Dr. Bertucci followed prudent, sound medical practice in referring the matter to a specialist before confirming the diagnosis. The record reflects that the diagnosis was not confirmed until the surgery on the knee was performed. The admit papers list a "suspected" right medial meniscus. The exact nature of the injury could not be ascertained until the knee was opened up. Defendant's fourth specification of error is without merit.

Defendant's Specification of Error # 5
EBI complains that the trial judge allowed Mr. Wilfred Gallardo to testify as a safety expert in spite of defendant's timely refusal to strike his testimony. The trial court has great discretion in allowing expert testimony. In fact, there was no harm suffered by defendants when Gallardo testified.
Prior to this witness's testimony, the trial judge stated for the record:

*437 "I'm going to hear him but I don't believe him and he knows it".
The trial court was certainly capable of determining the weight he would give to Gallardo's testimony. Obviously, Gallardo's testimony added nothing to the facts and ultimate resolution of the case. This assignment of error lacks merit.

Plaintiff's Assignment of Error # 1
Corliss complains that the trial court erred in excluding the expert testimony of Melville Wolfson on the issue of lost earning capacity. The trial judge denied the admission of Wolfson's testimony on the basis of the defendant's objection:
"As to Mr. Wolfson, this man was seen byevery doctor who has seen this man says he has no functional disability, he can engage in any activity which he has engaged in the past. There is no basis for a future wage loss calculation which Mr. Wolfson has done. The man went to work for Blue Streak right after Elevating Boats in September of 1985 and at an increased wage. We were paying him sixty-five, Mr. Dean was paying him $65 and Blue Streak has seventy, and he has worked thereafter at a number of different employers representing to them that he was not disabled and he hasn't claimed to Your Honor that he changed those employments because of continuing disability. He does claim continuing pain and suffering for which he continued to see the doctor, but there's no basis, I submit, for putting into the record of this case, any opinions as to future wage loss."
The law allows not merely for loss of future earnings, but rather for loss of earning capacity. It is well known that under present economic conditions and under the current insurance rates paid by employers, employers will not hire a person with physical disabilities, other than under federally subsidized programs for the hiring of the handicapped, for fear of increases in their insurance. The existence of the injury places plaintiff at a distinct disadvantage in the marketplace of job competition. Likewise the earning capacity loss for which plaintiff is compensated is not loss of future earnings, but is lost future earning capacity. Plaintiff was in his chosen profession at the time of the accident. He is compensated for the loss of that profession. If plaintiff is able to compensate for his injury by retraining himself to engage in another profession, he is not penalized by his efforts to do so, but rather is still awarded damages for the lost profession.
Obviously, from the testimony the trial judge concluded as a finding of fact that the plaintiff suffered no loss of earning capacity, and thus, properly denied the economic expert's testimony. The error complained of has no merit.

Plaintiff's Assignment of Error # 2
Plaintiff asserts that the trial judge erred in dismissing his demand against Conoco, who had leased the vessel from EBI. The lease between Conoco and EBI provides in part:
Company shall at all times under the agreement be responsible for damage to or loss of property of Owner and injury to or death of employees of Owner caused by the negligence of Company, its employees, contractors and invitees aboard the vessel.
* * * * * *
Company will make minor repairs or welds as needed by the boat in the field. Owner shall maintain boat in good condition and make all major repairs as fast as possible. Company shall allow owner 24 hours down time per month. This time will not be cumulative over 12 months. Owner will not bill Company for any down time in excess of accumulated time.
The trial court judge granted judgment under the doctrine of seaworthiness which provides that the owner has a non-delegable duty in the nature of strict liability to provide a vessel fit for sea duty. Thus, under this theory of liability EBI alone is liable. EBI failed to repair the rudder post. This repair could not be made in the field, but had to be made at the shipyard. The trial judge was correct on this issue.
*438 Plaintiff's Assignment of Error # 3
Plaintiff asserts that the trial court erred in awarding interest from date of judgment rather than prejudgment interest. The trial court judgment provides:
"JUDGMENT RENDERED in favor of Fred A. Corliss and against Elevating Boats, Inc. in the sum of $80,033.34 with interest from judgment and all costs. Plaintiff's claim against Conoco, Inc. is dismissed."
The determination of whether the plaintiff is entitled to prejudgment interest initially depends on whether he recovers under state or federal law. "Prejudgment interest" means two different things under state and federal law. Under federal law, "prejudgment interest is awarded from date of injury, under state law, `prejudgment interest' is awarded from date of judicial demand." R.S. 13:4203; Schackai v. Tenneco Oil Co., 436 So.2d 729, 735 (La.App. 4th Cir.1983), writ denied 440 So.2d 759 (La., 1983). Federal prejudgment interest generally is awarded in unseaworthiness cases involving both property damage, National Airlines, Inc. v. Stiles, 268 F.2d 400 (5th Cir.1959) cert. denied 361 U.S. 885, 80 S.Ct. 157, 4 L.Ed.2d 121 (1959), and personal injury. However, federal prejudgment interest generally is not awarded in Jones Act cases. Federal prejudgment interest is limited to past damages, and is not awarded on future damages. Verdin v. C & B Boat Co., Inc., 860 F.2d 150 (5th Cir.1988). In contrast, under state law, prejudgment interest is awarded in admiralty cases on all losses, including future losses. See, In re Air Crash Disaster Near New Orleans, La. on July 9, 1982, 767 F.2d 1151 (5th Cir.1985) reh. den. Giancontieri v. Pan American World Airways, Inc., 775 F.2d 301 (La. App. 5th Cir.1985), in which a widower father was found entitled to recover interest from the date of judicial demand on sums awarded for future losses under La. R.S. 13:4203.
The general rule under federal law is that "prejudgment interest" should be awarded in admiralty cases:
As a general rule, prejudgment interest should be awarded in admiralty cases not as a penalty, but as compensation for the use of funds to which claimant was rightfully entitled. Noritake Co., Inc. v. M/V Hellenic Champion, 627 F.2d 724, 728 (5th Cir.1980).
The discretion of the trial judge to deny prejudgment interest is created only when there are "peculiar circumstances" that would make it inequitable for the losing party to be forced to pay prejudgment interest. "Peculiar circumstances" has been found to include a number of fact patterns, including a genuine dispute over a good faith claim in a mutual fault setting in Nat G. Harrison Overseas Corp. v. American Tug Titan, 516 F.2d 89 (5th Cir.1975), modified on other grounds, 520 F.2d 1104 (5th Cir.1975); improper delaying tactics by the plaintiff in Socony Mobile Oil Co. v. Tex Coastal & Intern., 559 F.2d 1008 (5th Cir. 1977), and traditional common law equity doctrines and considerations such as laches, election of remedies, and estoppel, as in Esso Int'l Inc. v. SS Captain John, 443 F.2d 1144 (5th Cir.1971).
Where a U.S. district court judge specifically denies prejudgment interest in an admiralty case, the federal courts, like the state courts, use an appellate review standard of "clearly erroneous":
"If the trial court explicitly denies prejudgment interest (rather than merely omitting any reference to it), then this is based on a factfinding that peculiar circumstances exist; the factfinding is sometimes explicitly set out, with the peculiar circumstances detailed in the court's findings of fact and conclusions of law, or it may be implicit in the denial of prejudgment interest without a listing of circumstances.4 If the trial court was not clearly erroneous in finding that peculiar circumstances exist, then its denial of prejudgment interest was discretionary. In most instances, we have not found such a denial to be an abuse of discretion. (citations omitted). In a few instances, the appellant has convinced this court that an explicit denial of prejudgment *439 interest was an abuse of discretion. (citations omitted).
4 Of course, in any admiralty case in which the trial court refuses to award prejudgment interest, the best practice would be for it to detail the peculiar circumstances it has found, and specifically indicate that it is denying prejudgment interest as an exercise of the discretion created by the existence of peculiar circumstances." Noritake, supra, p.729.
Plaintiff specifically prayed in his petition "for interest from date of injury until paid". The trial court granted interest from the date of judgment. The instant case is a damage case, "ex delicto." Had the trial judge awarded interest under state law, specifically, La.R.S. 13:4203, he would have awarded interest from the date of judicial demand. Because interest from date of judicial demand was not granted, we conclude that the award was not made under state law, but rather was made under Federal law.
Since the district court specifically stated in its reasons for judgment that the vessel M/V JOHN REDMAN was unseaworthy, the general rule that federal prejudgment interest is awarded unless an exception of "peculiar circumstances" is met applies. Thus, the district court must have found that "peculiar circumstances" existed, justifying the denial of prejudgment interest. We find that conclusion manifestly erroneous. Our examination of the record reveals no peculiar circumstances to obviate the award of prejudgment interest. Unlike the Harrison case, the trial judge specifically did not find mutual fault since he stated in his reasons for judgment: "I find no fault on behalf of the plaintiff and he will recover 100% of his damages." The record does not reveal improper delaying tactics under Socony, or other exceptional circumstances under Esso. The trial court failed to specify any other peculiar circumstances. Thus, prejudgment interest should have been awarded. Accordingly, the judgment of the trial court will be amended.
For the reasons discussed, the judgment of the district court is amended as follows, and as amended is affirmed:
JUDGMENT IS RENDERED in favor of Fred A. Corliss and against Elevating Boats, Inc. in the sum of $80,033.34 with interest from date of injury and all costs. Plaintiff's claim against Conoco, Inc. is dismissed.
AMENDED AND AFFIRMED.