PLOTKIN, Judge.
Defendant Penrod Drilling seeks reversal of a trial court judgment awarding plaintiff, Wiley Jackson Marsh, prejudgment interest from the date of judicial demand on his Jones Act claim decided by a jury in state court. We reverse that portion of the judgment, deleting the award for prejudgment interest.

Facts

Marsh was injured on January 28, 1986 during the course and scope of his employment with Penrod Drilling while attempting to move a misplaced drill collar with a 20-pound, five foot long, steel prybar, which slipped and struck him. At the time of the accident, plaintiff had been assigned for about two years to the vessel Penrod # 60, a “jack-up” barge whose mission was to drill for oil. Marsh filed suit against Penrod, contending that the 4,000 pound drill collar should have been moved with a crane, a suggestion vetoed by his supervisor, who threatened termination.
Marsh filed suit in state court under the Jones Act, alleging that his injuries were caused by two inseparable causes — the un-seaworthy condition of the vessel and the negligence of Penrod.
After a trial, the jury returned a verdict finding both Penrod and Marsh negligent and apportioned fault 50-50 between them. According to a stipulation in the appeal record, the jury awarded Marsh lump sum damages under the Jones Act, 46 U.S.C. App. § 688, in the amount of $62,500.00. The jury was not asked and, therefore, did not award prejudgment interest from the date of the incident, January 28, 1986, or from the date of judicial demand, December 20, 1988. In signing the judgment, the trial court nevertheless included prejudgment interest from the date of judicial demand in favor of Marsh, citing LSA-R.S. 13:4203 and Corliss v. Elevating Boats, Inc., 599 So.2d 434 (La.App. 4 Cir.1992).
Penrod filed a motion for a partial new trial, contending that prejudgment interest is not recoverable in a Jones Act case tried *1126 by a jury. When that motion was denied, Penrod appealed.

Analysis

Generally, under the Jones Act, an injured seaman may file suit to recover damages for death or personal injury either in a federal court under admiralty jurisdiction or in a state or federal court under legal jurisdiction. However, under the applicable federal jurisprudence, prejudgment interest is not available in Jones Act claims that are brought in law in state court rather than in admiralty in federal court. Jones Act, 46 U.S.C.A.App. § 688 (West’s 1993), Ellender v. Texaco, 425 So.2d 291, 297 (La.App. 3d Cir.1982); Forbes v. A & P Boat-Rentals, Inc., 689 F.Supp. 625, 633 (E.D.La.1988). In choosing whether to pursue his claim in state or federal court, “the seaman must make a tradeoff: if he elects to proceed at law, he can have a jury but must forego prejudgment interest; if he elects to proceed in admiralty, he can have prejudgment interest but no jury.” Snyder v. Whittaker Corp., 839 F.2d 1085, at 1094 (5th Cir.1988). Since the plaintiff in this case chose to proceed in state court before a jury, he is not entitled to prejudgment interest. The trial court was therefore clearly wrong in awarding the plaintiff such interest in this case, despite the general state rule which entitles plaintiffs to such interest.
The trial court improperly relied on Corliss in reaching his decision because that case involved an unseaworthiness claim tried in admiralty to a judge. The instant case was tried as a Jones Act case, tried to a state court jury. In fact, the court stated specifically in Corliss that the award in that case “was not made under state law, but rather under Federal law”. Id. at 439. The Corliss court was simply following the general rule that prejudgment interest should be awarded in admiralty cases absent “peculiar circumstances.” See Noritake Co., Inc. v. M/V Hellenic Champion, 627 F.2d 724, 728 (5th Cir.1980).
When a Jones Act case is tried in a state court, the federal law, which would allow prejudgment interest, generally governs. However, the Jones Act specifically forbids prejudgment interest in cases tried under its auspices. Since the determination of whether prejudgment interest is appropriate is a substantive issue, the provisions of the act apply. Morris v. Schlumberger, Ltd, 436 So.2d 1178, 1179 (La.App. 3d Cir.), writ denied 441 So.2d 1221 (La.1983). Interest is available on a Jones Act claim only from the date of judgment. Forbes, 689 P.Supp. at 633. Since judgment was entered in this case on July 24, 1992, interest should start to run on that date.
When prejudgment interest has been allowed in a maritime claim tried in state court under the Jones Act, the determination of whether to grant prejudgment interest has to be submitted to the jury. Havis v. Petroleum Helicopters, Inc., 664 F.2d 54 (5th Cir.1981). In this case, the jury received no instructions and no evidence was presented concerning prejudgment interest. Additionally, the jury interrogatories did not address prejudgment interest. In Ellender, 425 So.2d at 291, the trial court’s denial of prejudgment interest under similar facts was affirmed.
In the instant case, the damages were awarded in a lump sum, with no indication of the amount awarded for each element of damages. When prejudgment interest is improperly awarded in a lump sum award with undifferentiated elements of damages, the award of interest must be reversed in its entirety. See Savoie v. McCall’s Boat Rentals, Inc., 491 So.2d 94, 107 (La.App. 3d Cir.1988).
Accordingly, the trial court judgment awarding prejudgment interest is reversed. The judgment is otherwise affirmed.

REVERSED IN PART; AFFIRMED IN PART; RENDERED.