| iKLEES, Judge.
Plaintiff, Joseph Daniel Dehart, was injured on July 5, 1989, while employed by defendant Ferruzzi U.S.A., Inc., as a deckhand aboard the M/V Mr. Paul. Plaintiff brought suit against defendants [hereinafter collectively referred to as “Ferruzzi”] in civil district court seeking damages for negligence as a seaman under the Jones Act and for the unseaworthiness of the M/V Mr. Paul, as well as maintenance and cure. The case was tried on August 24, 1994 without a jury, following plaintiffs death in 1993 from a totally unrelated incident. On September 21, 1994, the trial court rendered judgment finding Feruzzi 75% at fault in causing plaintiffs injury. After a reduction of 25% to reflect plaintiffs own fault, plaintiff was awarded a total of $75,537.00 in damages, including maintenance and cure, lost wages, and general damages.
Defendants have appealed contending that the trial court erred: (1) in awarding prejudgment interest; (2) in finding Ferruzzi negligent for failing to provide adequate fighting aboard the vessel; (3) in finding plaintiff to be only 25% at fault; (4) in awarding maintenance and cure beyond November 16, 1989; (5) in awarding an excessive amount of damages for pain and suffering. In response, plaintiff argues that the trial court’s judgment should be affirmed in all respects except: (1) the degree of plaintiffs fault should be reduced to zero; and (2) the amount of maintenance and the amount of general damages should be increased.
We first address the legal issue of plaintiffs entitlement to prejudgment interest. Defendants correctly assert that prejudgment interest is not available in Jones Act claims which are tried at law in state court rather than in admiralty in federal court. Marsh v. Penrod Drilling Co., 619 So.2d 1124, 1126 (La.App. 4th Cir.1993), writ denied, 625 So.2d 180 (La.1993). Based on this law, defendants then argue that because the recovery in the instant case was based solely upon a finding of Jones Act negligence, the trial court erred in awarding prejudgment interest.
Plaintiff counters this argument by relying on Mistich v. Pipelines, Inc., 609 So.2d 921 (La.App. 4th Cir.1992), writ denied 613 So.2d 996 (La.1993), in which we stated that when a Jones Act claim is tried jointly with a general maritime law claim before a judge, prejudgment interest may be awarded at the trial court’s discretion. Id. at 941 (citations omitted). In | JMistich, the trial court had found liability based upon both Jones Act negligence and unseaworthiness, and had awarded prejudgment interest on one-half of the total damages, which half it had attributed to the unseaworthiness. We affirmed that award. Id. Based upon that decision, plaintiff herein argues that because he alleged both a Jones Act negligence claim and an unseaworthiness claim, and because the judgment does not specify the nature of defendants’ liability, the award of prejudgment interest was proper. For their part, defendants strongly urge that the trial judge’s reasons for judgment make it clear that Jones Act negligence was the sole basis of liability.
In his reasons for judgment, the trial judge states, in pertinent part:
Defendants were negligent in failing to provide adequate fighting for this night *469 time operation. The bull eye and the hand held flashlight provided only limited illumination. The Mr. Paul was outboard facing downstream and the boat lights fell far short of illuminating the work area.
Considering this language and that of the judgment itself, we conclude that the trial court’s determination of negligent conduct was based on a finding of liability solely on Jones Act negligence. The trial court did not use the term “unseaworthy.” Thus, the award of prejudgment interest must be reversed under Marsh v. Penrod Drilling Co., supra.
With regard to the other issues asserted by both parties on appeal, we find no manifest error in the judgment of the trial court. Concerning liability, Ferruzzi contends that the trial court erred in finding it them 75% at fault for failing to provide adequate lighting and plaintiff only 25% at fault for failing to be sufficiently careful. Plaintiff argues that the accident was caused solely be Ferruzzi’s fault. Plaintiff testified in his deposition that he tripped on a ratchet handle left in the “up” position by one of his fellow crew members. Plaintiff also stated that he had only a flashlight, and could have used additional lighting for the night time operation. He stated he didn’t see the ratchet handle. The testimony of plaintiff’s fellow crew member, Ricky McNeil, confirmed that the floodlights from the vessel did not illuminate the area where plaintiff was working, on a barge some 400 feet away. In Mistich, supra, we explained the clearly erroneous standard of review as applied to cases such as the instant one:
When findings are based on determination regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact’s findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what isjjjsaid. Where documents or objective evidence so contradict the witness’s story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness’s story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. But where such factors are not present, and a factfinder’s finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong.
Id. at 929, quoting Rosell v. ESCO, 549 So.2d 840 (La.1989) (citations omitted). Based on the evidence in the record, we cannot say that the trial court’s determination of liability was unreasonable or clearly wrong.
The trial court awarded plaintiff maintenance and cure and lost wages through the end of 1990, and assessed plaintiffs general damages at $50,000.00. The trial judge concluded that plaintiff, following his surgery in November of 1990, engaged in a course of reckless conduct including barroom brawls and competitive rodeo events. Plaintiff now argues that the damages awarded are insufficient; whereas defendants contend that the plaintiff had reached maximum medical improvement as of November 16, 1989, and his damages should have been terminated as of that date.
With regard to the date plaintiff reached maximum medical improvement, there was conflicting testimony given by Dr. Watermeier, plaintiffs treating physician, and two doctors who examined plaintiff on behalf of Fer-ruzzi, Dr. Frenselli and Dr. Truax. Dr. Wat-ermeier found it necessary to perform surgery on plaintiff (an anterior cervical fusion) in November 1990 after Ferruzzi’s physicians had discharged plaintiff. Our review of the record reflects that the trial court could have reasonably rejected the testimony of defendants’ experts and accepted that of Dr. Wat-ermeier. We therefore find no manifest error in this decision. See Scamardo v. New Orleans Stevedoring Co., 595 So.2d 1242, 1250 (La.App. 4th Cir.1992).
Moreover, we find no abuse of discretion in the trial court’s awarding of $50,-000.00 in general damages for pain and suffering. The trial judge noted in his reasons for judgment that this amount reflected the “usual” pain for a neck injury and cervical fusion from the time of the accident until plaintiffs death, discounted somewhat as a *470 consequence of plaintiffs misbehavior after 1990. There is ample evidence in the record to support the trial court’s conclusion that plaintiff engaged in recldess behavior after 1990.
| Accordingly, for the reasons given, we affirm the trial court’s judgment in all respects except for the award of prejudgment interest.

AFFIRMED IN PART AND REVERSED IN PART.