l,ON APPLICATION FOR REHEARING
CHARLES R. JONES, Judge.
We grant rehearing to the Appellees, Mr. and Mrs. Wynne, for the sole purpose of clarifying the decree of this Court in the following respects:
1. the award of prejudgment interest, and
2. the calculation of the future damage award.
In our decree, we stated, in pertinent part:
We amend the district court’s judgment in part to vacate the prejudgment interest rate applied to Mr. and Mrs. Wynne’s past damage award, from the date of injury.
The Wynnes are correct in arguing in their application for rehearing, that some clarification was required in order to prevent a misinterpretation in the language in the decree of this Court. The law clearly states that under maritime law, a district court is to award prejudgment interest from the date of the injury. See Todd Shipyards Corp., v. Auto Transportation S.A., 763 F.2d 745, 752 (5th Cir.1985); Corliss v. Elevating Boats, Inc., 599 So.2d 434, 438 (La.App. 4 Cir.1992). We therefore find that this argument has merit, and amend the decree to specify that the district court judgment award prejudgment interest from the date of injury.
L.The Wynnes also argue in their application for rehearing, that this Court was correct in amending the judgment of the district court by vacating the portion of prejudgment interest attributable to future damages. The Wynnes further argue that “neither Judge Lobrano, nor this Court has quantified the amount of past versus future damages.... ” Thus, they request that this Court either remand to the district court for the calculation of future damages, or that this Court make the calculation. We agree.
The district court is in the best position to make the calculation for future damages. However, our opinion was clear that the district court erred in calculating prejudgment interest for future damages as applying such interest is akin to a “double recovery”. We reasoned:
... [T]he district court did err in awarding prejudgment interest to the Wynnes’ awards for future damages. In Milstead v. Diamond M Offshore Inc., 95-2446 (La.7/2/96), 676 So.2d 89, 97, the Supreme Court noted that federal courts generally do not award prejudgment interest to awards for future damages. Moreover, this Court has previously found that “prejudgment interest may not be awarded on a judgment for future damages, as it amounts to a double recovery.” Smith v. Tidewater Inc., 04-0195 (La.App. 4 Cir. 3/2/05), 918 So.2d 1, 17, 2005 A.M.C. 972. Thus, we find that the award of prejudgment interest to *689 Mr. and Mrs. Wynne for future damages was erroneous.
Our decree was clear that the judgment of the district court was vacated only with respect to the interest applied to the future damage award. However, since there is no clear apportionment of past and future damages, the district court shall apportion its general damage award into past and future components, and calculate prejudgment interest as to all past losses from date of injury.
| .(¡Therefore, the decree of this Court, dated June 25, 2010, is now amended to read as follows:

DECREE

For the foregoing reasons, we amend the judgment of the district court in part to vacate the prejudgment interest rate applied to the past damage awards of Mr. and Mrs. Wynne, and to award prejudgment interest to the damage awards from the date of injury. We also amend the judgment of the district court, in part, to vacate the prejudgment interest applied to the award of future damages sustained by Mr. and Mrs. Wynne. Further, we remand the matter to the district court for an apportionment of its general damages award into past and future components, and order the district court to apply prejudgment interest to the past damage award. Finally, in all other respects, the judgment of the district court is affirmed.
APPLICATION FOR REHEARING GRANTED; JUDGMENT AMENDED AND AFFIRMED AS AMENDED; REMANDED