**PATRICIA AGUILUZ**      *      **NO. 2024-CA-0759**

**VERSUS**      *

     **COURT OF APPEAL**

**MID-CENTURY INSURANCE**      *
**COMPANY AND TERRY**      **FOURTH CIRCUIT**
**JOHN URSIN, JR.**      *

     **STATE OF LOUISIANA**

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-05321, DIVISION "I-14"
Honorable Lori Jupiter, Judge
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *
(Court composed of Judge Paula A. Brown, Judge Tiffany Gautier Chase, Judge
Dale N. Atkins)

Sean M. Regan
SEAN REGAN LAW
4919 Canal Street, Suite 304
New Orleans, LA 70119

     COUNSEL FOR PLAINTIFF/APPELLANT

Jack Etherton Truitt
Michelle Mayne Davis
Lou Anne Milliman
Jennifer Cortes-Johnson
Michael St. Romain
Kaylin K. Storey
THE TRUITT LAW FIRM
1321 Ochsner Blvd., Suite 200
Covington, LA 70433

     COUNSEL FOR DEFENDANT/APPELLEE

          **REVERSED AND REMANDED**
          **APRIL 14, 2025**

Patricia Aguiluz (hereinafter "Ms. Aguiluz") seeks review of the trial court's August 19, 2024 judgment granting the motion for summary judgment filed by Mid-Century Insurance Company and Terry John Ursin, Jr. (hereinafter collectively "Mid-Century"). After consideration of the record before this Court and the applicable law, we reverse the judgment of the trial court and remand the matter for further proceedings.

<u>**Facts and Procedural History**</u>

On June 9, 2023, Ms. Aguiluz filed a petition for damages against Terry John Ursin, Jr. (hereinafter "Mr. Ursin") and his insurer, Mid-Century Insurance Company, asserting that Mr. Ursin's negligence caused an accident that occurred on April 26, 2023. Mr. Ursin was traveling on South Alexander Street, a one-way residential street, as Ms. Aguiluz was backing out of a driveway when the vehicles collided. A security camera of a nearby business captured the collision.

Mid-Century filed a motion for summary judgment arguing there were no genuine issues of material fact that Mr. Ursin was not liable for the accident. Specifically, Mid-Century asserted that there was no evidence that Mr. Ursin breached a duty of care to Ms. Aguiluz because he had the right of way as she entered into the roadway. To the motion for summary judgment, Mid-Century

1

attached: (1) the petition for damages; (2) video surveillance of the accident; (3) an affidavit of Dennis Rinker, Senior Field Claims Representative at Farmers Insurance Casualty Company who was assigned to handle the claim and attested to the authenticity of the video; (4) portions of the deposition transcript of Ms. Aguiluz; and (5) portions of the deposition transcript of Mr. Ursin.[1] Ms. Aguiluz opposed the motion, contending that she was backing out of the driveway and Mr. Ursin's failure to observe her vehicle, which was already in the roadway, constitutes negligence as he had a duty to observe what was ahead of him.[2] By judgment dated August 19, 2024, the trial court granted the motion for summary judgment in favor of Mid-Century, dismissing Ms. Aguiluz's case. This timely appeal followed.

## Assignment of Error

Ms. Aguiluz presents one assignment of error, which asserts the trial court erred in granting the motion for summary judgment on the issue of liability. Specifically, she contends there are genuine issues of material fact as to whether Mr. Ursin was comparatively at fault.

## Standard of Review

This Court reviews a trial court's decision to grant or deny a motion for summary judgment *de novo*. *Reddick v. State*, 2021-0197, p. 5 (La.App. 4 Cir. 9/29/21), 328 So.3d 504, 507. We have stated the applicable standard of review as follows:

> Appellate courts review the grant or denial of a motion for summary judgment *de novo*, using the same criteria applied by trial courts to

---

[1] Mid-Century Insurance Company is a subsidiary of Farmers Insurance Casualty Company.

[2] To her opposition, Ms. Aguiluz included photographs of the damage to the vehicles, portions of her deposition transcript and portions of Mr. Ursin's deposition transcript.

2

determine whether summary judgment is appropriate. This standard of review requires the appellate court to look at the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, to determine if they show that no genuine issue as to a material fact exists, and that the mover is entitled to judgment as a matter of law. A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, no need for trial on that issue exists and summary judgment is appropriate. To affirm a summary judgment, we must find reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court.

*Id.*, 2021-0197, p. 5, 328 So.3d at 507-08 (quoting *Chatelain v. Fluor Daniel Const. Co.,* 2014-1312, p. 3 (La.App. 4 Cir. 11/10/15), 179 So.3d 791, 793).

## **Summary Judgment**

It is well settled that "[t]he summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action… . The procedure is favored and shall be construed to accomplish these ends." La. C.C.P. art. 966(A)(2). A motion for summary judgment may be granted if the pleadings, depositions, answers to discovery, admissions on file and affidavits demonstrate that there is no genuine issue of material fact and the mover is entitled to a judgment as a matter of law. *Reddick*, 2021-0197, p. 6, 328 So.3d at 508 (citation omitted).

"A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could only reach one conclusion, there is no need for trial on that issue, and summary judgment is appropriate." *Id.* (citation omitted). "A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it

3

potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute." *Id*. (citations omitted). "Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is 'material' for summary judgment purposes can be seen only in light of the substantive law applicable to the case." *Jackson v. City of New Orleans*, 2012-2742, p. 6 (La. 1/28/14), 144 So.3d 876, 882 (citation omitted).

La. C.C.P. art 966(D)(1) provides that:

> The burden of proof rests with the mover [on a motion for summary judgment]. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

If the adverse party fails to set forth specific facts demonstrating a genuine issue of material fact, summary judgment shall be rendered against the adverse party if appropriate. La. C.C.P. art. 967(B). With these principles in mind, we now address Mid-Century's motion for summary judgment.

As the mover on the motion for summary judgment, the initial burden rests with Mid-Century to demonstrate the absence of a genuine issue of material fact. Ms. Aguiluz's tort claims are based in negligence and therefore, she is required to prove that Mr. Ursin was negligent under La. C.C. art. 2315.[3] Since Mid-Century

---

[3] "The Louisiana Supreme Court has adopted a 'duty-risk' analysis for assigning tort liability under a [La. C.C. art. 2315] negligence theory. This theory requires a plaintiff to establish that (1) the plaintiff suffered an injury; (2) the defendant owed a duty of care to the plaintiff; (3) the duty was breached by the defendant; (4) the conduct in question was the cause-in-fact of the resulting harm; and (5) the risk of harm was within the scope of protection afforded by the duty breached." *Doe v. McKesson*, 2021-00929, p. 7 (La. 3/25/22), 339 So.3d 524, 531 (citations omitted).

will not bear the burden of proof at trial, it is only required to identify a lack of factual support as to one or more of the elements of Ms. Aguiluz's tort claims. The standard negligence analysis used in determining whether to impose liability under La. C.C. art. 2315 is the duty-risk analysis.

Mid-Century's motion for summary judgment focuses on the breach of duty element of the duty-risk analysis. It contends that Mr. Ursin does not bear responsibility for the accident because he did not breach his duty as a prudent motorist. Title 32 of Louisiana's Revised Statutes governs the duties and responsibilities of each driver. La. R.S. 32:281(A) provides that "[t]he driver of a vehicle shall not back [up] the [vehicle] unless such movement can be made with reasonable safety and without interfering with other traffic." A two-part duty is imposed on a motorist reversing his vehicle: (1) the motorist reversing must first ascertain that the maneuver is safe and (2) the motorist must maintain a diligent and proper lookout while completing the reversing maneuver. *Travelers Ins. Co. v. Harris*, 294 So.2d 588, 590 (La.App. 4th Cir. 1974). "The driver of a vehicle about to enter or cross a highway from a private road, driveway, alley or building…shall yield the right of way to all approaching vehicles… ." La. R.S. 32:124. The motorist reversing their vehicle also cannot interfere with other vehicles while reversing. *Schackai v. Tenneco Oil Co.*, 436 So.2d 729, 732 (La.App. 4th Cir. 1983) (citation omitted).

In support of its motion for summary judgment, Mid-Century attached: (1) the petition for damages; (2) video surveillance of the accident; (3) an affidavit of Dennis Rinker, Senior Field Claims Representative at Farmers Insurance Casualty Company who was assigned to handle the claim and attested to the authenticity of the video; (4) portions of the deposition transcript of Ms. Aguiluz; and (5) portions

5

of the deposition transcript of Mr. Ursin. The surveillance video shows Ms. Aguiluz backing out of the driveway and Mr. Ursin's vehicle can be seen traveling in her direction. Ms. Aguiluz's vehicle was partially in the roadway as she backed into oncoming traffic. She failed to yield as Mr. Ursin, the motorist with the right of way, approached when the collision occurred. La. R.S. 32:124 places the primary duty on Ms. Aguiluz. Once Mid-Century supported its motion for summary judgment with evidence that Ms. Aguiluz had the primary duty to avoid the collision, the burden shifted to Ms. Aguiluz. *See* La. C.C.P. art. 966(D)(1).

Ms. Aguiluz contends that a genuine issue of material fact remains regarding whether Mr. Ursin breached his duty as a prudent motorist. Under La. R.S. 32:58, a motorist owes a legal duty to use reasonable care in the operation and control of his vehicle. Ms. Aguiluz asserts that prior to the collision with Mr. Ursin, another vehicle avoided her as she was backing into the roadway. She contends that Mr. Ursin should have also seen her vehicle backing into the roadway and avoided the collision. In his deposition, Mr. Ursin testified that prior to the collision, he observed someone standing on a porch and another person walking a dog. Ms. Aguiluz submits that Mr. Ursin's testimony proves that he was not focused on the road. The video of the accident confirms that a white SUV swerved in order to avoid colliding with Ms. Aguiluz's vehicle. Ms. Aguiluz yields to the white SUV, allowing it to pass, then continues to back into the roadway. Mr. Ursin then struck Ms. Aguiluz's vehicle.[4] "[A] motorist approaching another vehicle in the road ahead of him has the duty to discover the vehicle if such discovery can be made with the exercise of ordinary and reasonable care." *Travelers Ins. Co.*, 294 So.2d at 590. While Ms. Aguiluz had the primary duty to avoid the collision, the duty

---

[4] Mr. Ursin contacted Ms. Aguiluz's vehicle on the rear passenger side of her vehicle.

attributed to her does not completely absolve Mr. Ursin of his obligation to use reasonable care, control the operation of his vehicle and discover a vehicle ahead of him. *See Travelers Ins. Co.*, 294 So.2d at 590. Thus, the material issue becomes whether Mr. Ursin has any comparative fault for the accident considering the competing duties of both motorists. A comparative fault issue is a question of fact not appropriate for summary judgment. Louisiana's adoption of "a pure comparative fault system [] created a mandatory, substantive right to quantify the fault of 'all persons causing or contributing' to the plaintiff's damage." *Robinette v. Lafon Nursing Facility of the Holy Family*, 2015-1363, p. 7 (La.App. 4 Cir. 6/22/17), 223 So.3d 68, 74 (citation omitted). "[D]etermining how to apply the law [of comparative fault] to the facts presented at trial is a question of fact for the jury." *Williams v. Asbestos Defendants*, 2011-0716, p. 8 (La.App. 4 Cir. 5/16/12), 95 So.3d 497, 503. Ms. Aguiluz and Mr. Ursin have competing duties and Ms. Aguiluz demonstrated the existence of a genuine issue of material fact regarding comparative fault. As such, the trial court erred in granting summary judgment and dismissing Ms. Aguiluz's claims against Mid-Century.

## Decree

For the foregoing reasons, we reverse the August 19, 2024 judgment of the trial court and remand the matter for further proceedings.

**REVERSED AND REMANDED**