# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 07-314


**JOHN E. BEARD, ET UX.**

**VERSUS**

**COREGIS INSURANCE CO., ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 04-C-4545-B
HONORABLE ELLIS J. DAIGLE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


**JOHN D. SAUNDERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***


Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.


**AFFIRMED.**

**Daniel G. Brenner**
**Bolen, Parker & Brenner**
**P. O. Box  11590**
**Alexandria, LA 71315-1590**
**(318) 445-8236**
**Counsel for Defendants/Appellants:**
**Coregis Ins. Co.**
**St. Landry Parish School Board**
**Gloria D. Lalonde**

**Chad P. Pitre**
**111 North Court Street**
**Opelousas, LA 70570**
**(337) 942-8587**
**Counsel for Plaintiffs/Appellees:**
**John E. Beard**
**Kay Beard**

**SAUNDERS, Judge.**

This is a personal injury case arising from a collision between a pickup truck and a school bus near the shoulder of a four-lane highway. The injured driver of the pickup truck brought suit against the school bus driver, joining as defendants the bus driver's employer and the carrier of the insurance policy covering the bus. At a trial on the merits before the 27th Judicial District Court in St. Landry Parish, a jury found for the plaintiff and awarded damages totaling $194,059.00. The plaintiff then moved for a Judgment Notwithstanding the Verdict (hereinafter "JNOV") as to the amount of damages awarded. The trial judge granted the JNOV motion, increasing the damage amount by $135,000.00. The defendants appealed to this court, charging four assignments of error. The plaintiff has answered the appeal and asserts one assignment of error. For the reasons set forth below, we affirm the trial court's decision in full.

**FACTS AND PROCEDURAL HISTORY:**

On January 23, 2004, Gloria Lalonde (hereinafter "Ms. Lalonde") and John Beard (hereinafter "Mr. Beard") were involved in an automobile accident on U.S. Highway 190 (hereinafter "190"), between the cities of Baton Rouge and Opelousas. Ms. Lalonde, the operator of a sixty-six passenger school bus belonging to the St. Landry Parish School Board (hereinafter "School Board"), was transporting children home from school in a westerly direction along 190 when she decided to stop at the home of her acquaintance, Mary Glossup (hereinafter "Ms. Glossup"), to use the restroom. Ms. Glossup's home was located on the northern side of 190 at the end of a private driveway. Having returned to the driver's seat, Ms. Lalonde began backing the school bus out of the driveway in an attempt to resume traveling west on 190. As Ms. Lalonde backed out, Mr. Beard's truck, traveling in the right lane of 190,

approached from the east. The two vehicles collided. After the accident, Mr. Beard consulted an orthopaedic surgeon, Dr. Louis Blanda, who diagnosed Mr. Beard with multiple herniated discs in his neck and lower back.

Mr. Beard brought suit on October 22, 2004, in the 27th Judicial District Court in St. Landry Parish, against Ms. Lalonde, the School Board, and Coregis Insurance Company (hereinafter "Coregis") (collectively, "the defendants"), claiming damages for negligent personal injury. At trial, the jury heard testimony from Dr. Blanda in which he attributed Mr. Beard's back and neck injuries to the accident in question. Dr. Blanda further testified that because Mr. Beard suffers from an unrelated heart condition, he is a poor surgical risk for the corrective procedure associated with his injuries. After a trial on the merits, the jury found for Mr. Beard on August 25, 2006, and awarded damages as follows:

| 1. Past Pain, Suffering, and Mental Anguish | $10,000.00 |
|---|---|
| 2. Future Pain, Suffering, and Mental Anguish | $20,000.00 |
| 3. Physical Disability | $0 |
| 4. Loss of Enjoyment of Life | $0 |
| 5. Past Medical Expenses | $14,059.00 |
| 6. Future Medical Expenses | $45,000.00 |
| 7. Past Economic Loss | $35,000.00 |
| 8. Future Economic Loss | $70,000.00 |

Mr. Beard subsequently filed a motion for JNOV, requesting the trial court to increase the amount of general damages awarded (i.e, past pain, suffering, and mental anguish; future pain, suffering and mental anguish; physical disability; and loss of enjoyment of life). The court granted Mr. Beard's JNOV motion and modified the

2

relevant damage awards as follows:

| 1. Past Pain, Suffering, and Mental Anguish | $30,000.00 |
|---|---|
| 2. Future Pain, Suffering, and Mental Anguish | $80,000.00 |
| 3. Physical Disability | $40,000.00 |
| 4. Loss of Enjoyment of Life | $15,000.00 |

The defendants appealed suspensively from the trial court's judgment, asserting four assignments of error. Mr. Beard has answered the appeal and asserts a fifth assignment of error.

**ASSIGNMENTS OF ERROR:**

1.    Did the trial court commit manifest error in the use of a verdict form, which required the jury to consider both negligence and causation as to both drivers?

2.    Did the trial court commit manifest error when the jury found both Ms. Lalonde and Mr. Beard negligent but then found Ms. Lalonde to be 100% at fault in causing the accident?

3.    Did the trial court commit an error of law in granting Mr. Beard's motion for JNOV?

4.    Did the jury commit manifest error in awarding past lost earnings in the amount of $35,000.00 and future loss of earnings in the amount of $70,000.00?

5.    Did the trial court commit manifest error in awarding an inadequate amount of general damages for multiple herniated discs?

**ASSIGNMENT OF ERROR #1:**

The defendants argue that the trial court erred in using a verdict form containing interrogatories which asked the jury first to make a determination as to whether the relevant conduct of each driver was "negligent," and then to make a separate determination as to whether each driver's negligence was a "proximate cause" of the accident in question. The defendants contend that such interrogatories

3

were so misleading or confusing as to constitute reversible error.

By way of counter-argument, Mr. Beard asserts that the defendants have waived their right to object to the jury interrogatories at this stage in the proceedings. Because Mr. Beard raises the threshold issue of waiver, we address his argument first.

> A party may not assign as error the giving or the failure to give an instruction unless he objects thereto either before the jury retires to consider its verdict or immediately after the jury retires, stating specifically the matter to which he objects and the grounds of his objection. If he objects prior to the time the jury retires, he shall be given an opportunity to make the objection out of the hearing of the jury.

La.Code Civ.P. art. 1793(C). Where a party does not object to jury charges at trial, that party waives the right to so object on appeal. *Libersat v. J&K Trucking, Inc.,* 00-192 (La.App. 3 Cir. 10/11/00), 772 So.2d 173, *writ denied*, 01-458 (La. 4/12/01), 789 So.2d 598. "It is only when jury instructions or interrogatories contain a 'plain and fundamental' error that the contemporaneous objection requirement is relaxed and appellate review is not prohibited." *Campbell v. Hospital Serv. Dist. No. 1 Caldwell Parish*, 37,876, p. 6 (La.App. 2 Cir. 12/10/03), 862 So.2d 338, 344, *writ denied*, 04-69 (La. 3/19/04), 869 So.2d 852.

Here, the trial record indicates that the defendants failed to object to the jury instructions regarding "proximate cause" at any point prior to the jury's retiring to consider the verdict or immediately thereafter. Thus, unless the jury instructions or interrogatories in the case at bar contain a "plain and fundamental" error, we must consider the defendants' objection waived. *Id*.

The defendants contend that the lower court's bifurcation of "negligence" and "proximate cause" determinations into separate jury interrogatories constitutes "plain and fundamental" error sufficient to preserve their right to object on appeal. In

4

support of this contention, the defendants cite *Fowler v. Roberts*, 556 So.2d 1 (La.1989). There, the Louisiana Supreme Court held:

> The determination of liability in a negligence case usually requires proof of five separate elements: (1) proof that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) proof that the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) proof that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) proof that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) proof of actual damages (the damages element).

*Fowler*, 556 So.2d at 4. Specifically, the defendants argue that a verdict form containing separate interrogatories regarding "proximate cause" and "negligence" is plainly erroneous, in that it is impossible to find negligence without proximate cause, as the latter is merely an element of the former. We find this argument without merit.

In *Detraz v. Lee*, 05-1263 (La. 1/17/07), 950 So.2d 557, the Louisiana Supreme Court considered the propriety of a similar jury verdict form in a personal injury trial stemming from an allegedly negligent pedicure. There, the form at issue asked the jury to determine first whether the defendant was "negligent" and then whether that negligence "caused" the plaintiff's injuries. In overruling the lower court's finding that the verdict form violated *Fowler*, the *Detraz* court explained:

> [I]n *Fowler*, this Court was not defining "negligence" but was instead defining "liability" in a negligence case. "Negligence" has been defined by this Court as follows: "conduct which falls below the standard of care established by law for the protection of others against an unreasonable harm." Thus, the court of appeal erred in ruling that a finding that the defendants were negligent in performing the pedicure "enfolds all five of the *Fowler* factors, including causation."

*Detraz*, 950 So.2d at 562.

In the instant case, Ms. Lalonde assigns as "plain and fundamental" error the

5

trial court's "dissecting proximate cause out of the negligence determination." However, as *Detraz* makes clear, proximate cause and negligence are actually coequal factors in the overall determination of liability in a negligence case. The trial court cannot "dissect" out of negligence that which is not a component of negligence to begin with. Thus, the defendants' argument must fail, and we must consider their objection to the jury verdict form waived.

**ASSIGNMENT OF ERROR #2:**

The defendants' contend that the jury committed an error of law in concluding that Mr. Beard was "negligent" but not a "proximate cause" of the accident. We disagree.

As discussed above, "proximate cause" is not subsumed by a finding of "negligence." *Detraz*, 950 So.2d 557. "Proximate cause" is cause "which immediately precedes and produces the effect, as distinguished from remote, mediate, or predisposing cause[.]" *Hinegardner v. Dickey's Potato Chip Co.*, 205 So.2d 157, 161-62 (La.App. 1967), *writ denied*, 206 So.2d 94 (La.1968). Cause "from which the fact might be expected to follow without the concurrence of any unusual circumstance" is "proximate cause." *Id.* at 162. "'Proximate' cause primarily inquires whether a party's duty extends to the particular risk in question that causes injury to another party in a *tort* action." *Frost v. Albright*, 460 So.2d 1125, 1127 (La.App. 2 Cir. 1984), *writ denied*, 462 So.2d 1266 (La.1985) (emphasis in original).

In the instant case, the defendants argue that Mr. Beard proximately caused the accident by failing to change lanes upon observing Ms. Lalonde's attempting to reverse her bus onto 190, yet the defendants cite neither case nor statute that extends such a duty to Mr. Beard. On the contrary, in such situations, it is the reversing party

6

upon whom the law places the duty to avoid incident: "An unusual degree of care is required of motorists who drive vehicles from a private driveway into a highway, and this requirement is increased when the vehicle is being backed into the highway." *Josey v. Granite State Fire Ins. Co.*, 122 So.2d 303, 306 (La.App. 2 Cir. 1960). "When executing such a maneuver, the motorist must proceed with utmost caution and use great care and attention to be sure that it can be accomplished without interfering with other vehicles." *Schackai v. Tenneco Oil Co.*, 436 So.2d 729, 732 (La.App. 4 Cir. 1983). Further, this court has previously held that a driver who is already on the roadway has the right to assume that a motorist on a private driveway will not enter the roadway until the driver has already passed. *Valin v. Barnes*, 550 So.2d 352 (La.App. 3 Cir.), *writ denied*, 552 So.2d 399 (La.1989).

As an initial matter, this court finds it difficult to distinguish any basis for concluding that Mr. Beard was negligent at all. The record indicates that Mr. Beard was not driving at an excessive rate of speed, did not fail to maintain a proper lookout, and at no point exhibited anything less than complete control of his truck. It was Ms. Lalonde's duty to exhibit an unusual degree of caution and attention in reversing her bus onto the highway, and it was Mr. Beard's right to assume that Ms. Lalonde would not enter his lane until it was safe to do so. Ms. Lalonde's failure to exhibit the requisite degree of care in entering the roadway was the cause that immediately preceded and produced the collision at issue here, and thus the jury did not commit an error of fact in concluding that Ms. Lalonde was the sole proximate cause of the accident, notwithstanding whatever negligence it may have attributed to Mr. Beard.

We are unable to determine what action on the part of Mr. Beard constituted

7

negligence. We are, however, satisfied that the jury's conclusion that Mr. Beard was not guilty of negligence that proximately caused the accident is supported by the record. Accordingly, this assignment of error is without merit.

**ASSIGNMENT OF ERROR #3:**

The defendants further argue that the trial court committed an error of law in granting Mr. Beard's motion for judgment notwithstanding the verdict (JNOV). More to the point, the defendants assert that the trial court failed to apply the appropriate standard of consideration in granting Mr. Beard's motion.

Louisiana Code of Civil Procedure Article 1811 governs the use of JNOV. As outlined by the supreme court in *Scott v. Hospital Service District No. 1*, 496 So.2d 270, 274 (La.1986), JNOV is warranted when "the facts and inferences point so strongly and overwhelmingly in favor of one party that the trial court believes that reasonable persons could not arrive at a contrary verdict[.]" *Id.* (quoting *Boeing v. Shipman*, 411 F.2d 365, 374 (5ᵗʰ Cir. 1969). The motion should be granted "only when the evidence points so strongly in favor of the moving party that reasonable persons could not reach different conclusions, not merely when there is a preponderance of evidence for the mover." *Id.* (quoting *Robertson v. Penn*, 472 So.2d 927, 929 (La.App. 1 Cir.), *writ denied*, 476 So.2d 353 (La.1985). The motion should be denied if there is "evidence opposed to the motion [which is] of such quality and weight that reasonable [persons] in the exercise of impartial judgment might reach different conclusions[.]" *Id*. (quoting *Boeing*, 411 F.2d at 374). However, "[i]n making this determination, the trial court should not evaluate the credibility of witnesses, and all reasonable inferences or factual questions should be resolved in favor of the non-moving party." *Anderson v. New Orleans Pub. Serv.,*

8

*Inc.*, 583 So.2d 829, 832 (La.1991).

*Anderson* went on to clarify the scope of this court's review on appeal:

> In reviewing a JNOV, the appellate court must first determine if the trial court erred in granting the JNOV. This is done by using the aforementioned criteria just as the trial judge does in deciding whether to grant the motion or not, i.e. do the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict? If the answer to that question is in the affirmative, then the trial judge was correct in granting the motion. If, however, reasonable men in the exercise of impartial judgment might reach a different conclusion, then it was error to grant the motion and the jury verdict should be reinstated.

*Id.*

In the instant case, the defendants argue that the trial court erred in granting Mr. Beard's motion for JNOV, which thereby raised the total general damage award from $30,000.00 to $165,000.00. We disagree. In granting Mr. Beard's JNOV motion, the lower court signaled its view that the facts and inferences of the case at bar point so strongly and overwhelmingly in favor of supplementing the general damages awarded to Mr. Beard that reasonable persons in the exercise of impartial judgment could arrive at no other conclusion. Such a view finds support in the record evidence.

Here, the more than $160,000.00 awarded for past and future medical expenses and economic losses indicates that the jury regarded the evidence presented by Mr. Beard regarding his back injury to be credible, yet the same jury declined to award any damages at all for Mr. Beard's physical disability. Such a result seems incompatible with the record evidence, as the uncontroverted testimony of Mr. Beard's medical expert, Dr. Blanda, proclaimed him to be "totally and permanently disabled." At trial, rather than presenting the testimony of their own medical expert, Dr. Robert Morrow, the defendants chose instead to rest on her cross-examination of

9

Dr. Blanda, at which time she called the credibility of Dr. Blanda's testimony into question. As outlined above, however, in ruling upon a motion for JNOV a trial court is not permitted to evaluate questions of witness credibility, but must constrain its evaluation to the facts contained in the record and the inferences to be made therefrom. *Id.* Even assuming that Ms. Lalonde's cross-examination established a lower damage amount for Mr. Beard's physical disability than otherwise would have been justified, such questioning does not represent countervailing evidence sufficient to justify a damage amount of zero. In failing to introduce into the record evidence contradictory to Dr. Blanda's testimony, the defendants foreclosed the possibility of reasonable minds' reaching different conclusions as to Mr. Beard's physical disability. Thus, the trial court's JNOV regarding physical disability must stand.

Similarly, the trial court's decision to raise the damage award for Mr. Beard's loss of enjoyment of life from zero to $15,000.00 is also valid. Mr. Beard's uncontroverted testimony indicates that although he was able to participate after the accident in his customary activities of hunting and gardening, he was unable to do so without experiencing additional and excessive pain. In light of such testimony, it seems inconceivable that reasonable men exercising impartial judgment could conclude that Mr. Beard's injury in no way negatively impacted his enjoyment of life, such that his damages under this heading should be fixed at zero. Thus, the trial court's JNOV increasing these damages was proper.

Finally, the trial court was justified in increasing Mr. Beard's damages for past and future pain, suffering, and mental anguish from $30,000.00 to $110.000.00. The defendants cite in opposition *Wainwright v. Fontenot*, 00-0492, (La. 10/17/00), 774 So.2d 70, a tort case involving the calculation of general damages owed by a drug

store for its negligent mislabeling of the proper dosage for a child's prescription medication. There, the supreme court proclaimed:

> The assessment of "quantum," or the appropriate amount of damages, by a trial judge or jury is a determination of fact, one entitled to great deference on review. As such, "the role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact." *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1260 (La.1993).

*Wainwright*, 774 So.2d at 74. Later in that same decision, however, the *Wainwright* court went on to synthesize a general rule of application for reviewing damage awards: "[W]hat the courts of appeal have done in cases such as this one is correct jury verdicts that were illogical and inconsistent . . . Effectively, then, the ultimate question has been whether the factfinder made inconsistent awards and thus abused its discretion." *Id.* at 75.

Here, the record indicates that as a consequence of the accident Mr. Beard has suffered severe back pain in the past, and because the circumstances of the injury preclude the alleviation of this pain through surgical repair, Mr. Beard will continue to endure such pain and suffering in the future. As evidenced by the damages awarded for past and future medical expenses and economic loss, the jury believed Mr. Beard's continuing back pain to be severe enough not only to prevent him from working but also to necessitate additional medical treatment, yet the damages that the jury chose to award Mr. Beard for pain and suffering represent less than one-sixth of the total damages awarded. In light of such evidence, we agree with the trial court in concluding that the jury's verdict regarding past and future pain, suffering, and mental anguish was illogically and inconsistently low, and, accordingly, we affirm the trial court's grant for JNOV regarding these damages.

11

**ASSIGNMENT OF ERROR #4:**

Finally, the defendants charge as error the trial court's award to Mr. Beard of $35,000.00 in lost earnings and $70,000.00 in future loss of earnings. The defendants contend that these awards are unsubstantiated by the facts in evidence, in that Mr. Beard's loss of past earnings, and ostensibly his loss of future earnings, is due to factors unrelated to the accident at issue here. We disagree.

"It is well settled that in reviewing damage awards the appellate court is not to decide what it considers to be an appropriate award on the basis of the evidence, but only to review the trier of fact's exercise of discretion." *Collins v. Natchitoches Parish Hosp.*, 493 So.2d 902, 903 (La.App. 3 Cir.), *writ denied*, 496 So.2d 1041 (La.1986). For an appellate court to disturb a trier of fact's award of damages, the record must clearly show it abused its discretion. *Coco v. Winston Indus.*, 341 So.2d 332 (La.1977).

"[T]he burden is on the plaintiff to prove that he has or will suffer a loss of income." *Carter v. State Farm Mut. Auto. Ins. Co.*, 548 So.2d 53, 55 (La.App. 3 Cir. 1989). Accordingly, this court has elsewhere held that a plaintiff must prove the length of time that he missed work due to an accident in order to recover damages under this heading. *Boyette v. United Serv. Auto. Ass'n*, 00-1918 (La. 4/3/01), 783 So.2d 1276.

Ms. Lalonde contends that the jury abused its discretion in awarding these damages, in that economic factors affecting Mr. Beard's employer are actually to blame for Mr. Beard's lost earnings. In support of such contention, Ms. Lalonde points to Mr. Beard's testimony that various periods of his post-accident unemployment are attributable to the expiration of one "job" at a time when a

12

subsequent replacement "job" was not scheduled. We find Ms. Lalonde's argument without merit.

While Ms. Lalonde is correct in arguing that Mr. Beard should not be compensated for earnings lost to temporary work shortages rather than due to the accident at issue, it does not appear that the jury calculated Mr. Beard's damages improperly. The wage information presented in this case established that Mr. Beard earned approximately $35,000.00 annually. Thus, the jury's $35,000.00 award in lost earnings was meant to compensate Mr. Beard for approximately one year's worth of unemployment. Mr. Beard testified at trial that he was able to continue working after the accident until the late spring of 2005, at which point Mr. Beard was forced to decline offers for further work because he was in too much pain to perform additional "jobs." The record further shows that Mr. Beard remained continuously unable to work from that point until the jury returned its verdict on August 25, 2006, more than one year later. Thus, we find the jury to be well within its discretion in awarding Mr. Beard the equivalent of one year's wages in earnings lost due to the accident.

Moreover, we find that the jury acted within its discretion in awarding $70,000.00, or approximately two years' wages, for Mr. Beard's loss of future earnings. "Awards for lost future income are inherently speculative, and are intrinsically insusceptible of being calculated with mathematical certainty. Thus, the courts must exercise sound judicial discretion in determining these awards, and render awards which are consistent with the record and which work an injustice on neither party." *Morgan v. Willis-Knighton Med. Ctr.*, 456 So.2d 650, 658 (La.App. 2 Cir. 1984). As discussed above, the record indicates that Mr. Beard's injury left him unable to work for approximately one year prior to the jury's verdict in the case at

13

bar.  In light of Mr. Beard's inability to earn income prior to the jury's verdict, it is not unreasonably inconsistent for the jury to conclude that Mr. Beard would continue to be so disabled for some time after the trial court's judgment.  Accordingly, we affirm the trial court's award of $70,000.00 for Mr. Beard's loss of future earnings.

Mr. Beard asks in the alternative that this court increase the damage amount awarded to him under this heading.  We must deny such request.  To the extent that the lower court's determination was within its discretion as a trier of fact and was not inconsistent with the record, we find that court's award for loss of future earnings to be valid.

**ASSIGNMENT OF ERROR #5:**

Mr. Beard argues that the trial court erred in awarding an inadequate amount of general damages and requests that this court now increase the damage award.  We disagree.

As discussed above, for an appellate court to disturb a trier of fact's award of damages, the record must clearly show that the lower court abused its discretion. *Coco*, 341 So.2d 332.  In the instant case, we find no such abuse of discretion contained in the record, and thus we reject the validity of this assignment of error.

Mr. Beard contends that the $165,000.00 awarded to him in general damages constitutes an unreasonably insufficient sum, yet Mr. Beard's damage award reached the amount which he now challenges only after a $135,000.00 JNOV by the trial judge.  In light not only of the great deference with which this court must regard the assessment of quantum, but also of the more than 500% increase of general damages already awarded by the lower court prior to this appeal, we find little basis now for disturbing the trial court's award as an abuse of discretion.

**CONCLUSION:**

For the reasons set forth above, judgment of the trial court is affirmed in all respects. All costs to be taxed to the defendants/appellants, Saint Landry Parish School Board and Gloria D. Lalonde.

**AFFIRMED.**