# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


## 08-256
## c/w 08-536


## SHEILA ROMERO, ET AL

## VERSUS

## ALLSTATE INSURANCE COMPANY, ET AL


**********
APPEAL
CONSOLIDATED WITH
APPLICATION FOR SUPERVISORY WRIT
FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 64863-E
HONORABLE KEITH COMEAUX,  PRESIDING
**********


## SYLVIA R. COOKS
## JUDGE

**********


Court composed of Sylvia R. Cooks, Michael G. Sullivan, and Billy Howard Ezell, Judges.


**AFFIRMED IN PART, REVERSED IN PART, REMANDED**
**Sullivan J. Concurs in the result.**
**Ezell, J. Concurs in the result.**

JOHN W. PENNY, JR.
600 Jefferson Street, Suite 601
Lafayette, LA 70501
(337) 231-1955
Fax (337) 231-1957
COUNSEL FOR APPELLEE:
        PERCY J. DAIGLE And ALLSTATE INSURANCE COMPANY


PATRICK J. BRINEY
RICHARD R. MONTGOMERY
413 Travis Street
Lafayette, LA 70503
(337) 237-4070
Fax (337) 233-8719
COUNSEL FOR APPELLANT:
        MARKEL AMERICAN INSURANCE COMPANY

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

On April 8, 2001, Sheila Romero and David Romero were riding their Honda Gold Wing motorcycle on Mitchell Boyer Road in St. Martin Parish, Louisiana. Mrs. Romero was the passenger. Defendant Percy J. Daigle was backing out of his private driveway when his vehicle struck the Romero's motorcycle throwing the Romero's from their motorcycle. Mr. Daigle's vehicle was insured by Allstate Insurance Company (Allstate) with a policy limit of $25,000.00 per person/$50,000.00 per accident. The Romero's motorcycle was insured by Markel American Insurance Company (Markel) which policy included uninsured/underinsured (UM) coverage with a $100,000.00 policy limit.

Mrs. Romero offered to settle her claims against Mr. Daigle and Allstate in November of 2001, requesting the policy limit of $25,000.00. Allstate did not respond to the offer, nor did it make any counter offer or seek to obtain a release of its insured. In February 2002, the Romeros filed suit against Mr. Daigle and Allstate Insurance Company as well as Markel American Insurance as UM carrier. Markel American Insurance Company unconditionally tendered $25,000.00 to Mrs. Romero in April of 2002, under its UM policy. In May of 2002 Mrs. Romero again offered to settle with Mr. Daigle and Allstate for Allstate's policy limits of $25,000.00, and, at that time, offered to settle with Markel for its remaining $75,000.00 UM policy limit. Allstate did not respond to Mrs. Romero's settlement offer. In June 2002, Markel filed a Cross-Claim against Mr. Daigle and Allstate to recover the $25,000.00 it had tendered to Mrs. Romero in April 2002. Markel unconditionally tendered its remaining policy limits of $75,000.00 to Mrs. Romero in August 2002, reserving its subrogation rights against Mr. Daigle and Allstate, for the UM policy limits of

1

$100,000.00. In September of 2002, Allstate tendered its policy limit of $25,000.00 plus interest to Mrs. Romero. Markel thereafter amended its Cross-Claim against Mr. Daigle and Allstate seeking recovery of the entire $100,000.00 paid to Mrs. Romero.

In February 2003, Markel filed a Motion To Determine Conflict-Free Counsel. The trial court ruled a conflict of interest existed between Mr. Daigle and his insurance company, Allstate, requiring separate legal representation. In response to this ruling, Allstate entered into an agreement with Mr. Daigle and, therein, agreed to "defend, hold harmless, and indemnify Percy Daigle in the above captioned matter and to satisfy any judgment he is legally obligated to pay." Markel thereafter filed a Supplemental and Amending Cross-Claim in April 2006, alleging that, as a result of the Agreement between Allstate and Mr. Daigle, the two were now liable *in solido* for any judgments rendered against Mr. Daigle, including legal interest, regardless of the original limits of coverage in Allstate's policy with Mr. Daigle. In August of 2006, Allstate filed a Motion For Summary Judgment Or Alternatively Motion To Dismiss, and in January of 2007, Markel filed a Cross Motion For Partial Summary Judgment, alleging that Mr. Daigle was solely at fault in the accident and, therefore, solely liable for any injuries to Mrs. Romero. Markel again alleged that Allstate and Mr. Daigle were liable *in solido* for any judgments rendered against Mr. Daigle and Allstate.

After a hearing on February 1, 2007, the trial court granted Markel's Motion For Partial Summary Judgment, finding Mr. Daigle solely at fault. The trial court denied Markel's motion as to solidary liability and granted Allstate's Motion For Summary Judgment/Motion To Dismiss, ruling that Allstate was not solidarily liable.

In August 2007, Markel filed a Motion For Partial Summary Judgment, alleging that Mr. Daigle is not entitled to any credits for amounts paid by Allstate to

2

Mrs. Romero against any judgment obtained by Markel. Mr. Daigle filed a Motion for Partial Summary Judgment in September 2007, alleging that he is entitled to a credit for amounts paid by Allstate. The trial Court granted Markel's motion and denied Mr. Daigle's motion, ruling Mr. Daigle is not entitled to a credit for any amounts paid by Allstate to Mrs. Romero. In November 2007, the trial court entered a final judgment confirming its rulings.

Mr. Daigle has filed for supervisory writs seeking review of the trial court's ruling granting Markel's Motion For Summary Judgment on the issue of Mr. Daigle's entitlement to a credit for any amounts paid by Allstate. In December 2007, Markel filed a devolutive appeal regarding the trial court's ruling granting Allstate's Motion For Summary Judgment/Motion To Dismiss finding there was no solidary liability between Allstate and Mr. Daigle. Allstate has appealed the trial court's grant of Markel's Motion For Partial Summary Judgment as to the liability of Mr. Daigle and Markel's Motion For Partial Summary Judgment on the issue of Mr. Daigle's entitlement to any credit for amounts paid by Allstate. This Court has consolidated the Application For Supervisory Writ filed by Mr. Daigle, and Allstate with the devolutive appeals taken by Mr. Daigle and Markel.

## ANALYSIS

The Agreement entered into between Allstate and its insured Mr. Daigle to resolve the conflict of interest in representation found by the trial judge is the focus of our initial review. Allstate argues that this agreement did not change its financial exposure for the liability of Daigle which it contends is limited by the contract of insurance it issued covering Daigle's liability up to $25,000.00. Markel argues that the limited coverage agreement between Allstate and its insured was superseded by the subsequent agreement at issue here. Louisiana Civil Code Article 1978 provides:

3

"A contracting party may stipulate a benefit for a third person called a third party beneficiary. Once the third party has manifested his intention to avail himself of the benefit, the parties may not dissolve the contract by mutual consent without the beneficiary's agreement." The Code further provides: "The stipulation gives the third party beneficiary the right to demand performance from the promisor." La. Civ. Code art. 1981. *See also Guidry v. Hedburg*, 98-228 (La. App. 3 Cir.11/4/98), 722 So.2d 1036, *rehearing denied*.

Further we held in *Guidry*, *Supra.*, when one party contracts to perform an obligation owed by another party to the third party there usually occurs a recognition of that third-party beneficiary's rights. *Id*. citing *Tallo v. Stroh Brewery Co.*, 544 So.2d 452 (La. App. 4 Cir. 1989) writ denied 547 So.2d 355 (La. 1989). Our Civil Code recognized such agreements as stipulations *pour autrui See Andrepont v. Acadia Drilling Co., 231 So.2d 347 (La. 1969)*. In *Hazelwood Farm, Inc. v. Liberty Oil and Gas Corp.*, 2001-0345 (La. App.3 Cir. 6/20/01), 790 So.2d 93, writ denied 01-2115 (La. 7/26/01), 794 So.2d 834 we again recognized the right of the third party beneficiary created by a stipulation *pour autrui* expressly finding that Hazelwood, the third party beneficiary, had a right to sue Gulf/Chevron for damages, such right having been acquired by virtue of a stipulation *pour autrui* which made Hazelwood the third party beneficiary of the contract made by others.

We find in this case the voluntary agreement between Allstate and Daigle created a stipulation *pour autrui*, which made Markel a third party beneficiary, and created Markel's right to demand performance from Allstate in accordance with the terms of the stipulation which did not set any limitation on the amount of Allstate's financial exposure for Daigle's liability. We are mindful that Allstate complains it should not be held solidarily responsible with Daigle. Allstate's position is premised

4

on the limitation found in its original contract with Daigle and its agreement to provide coverage up to $25,000.00. As discussed in the body of this opinion, we find that the original insurance contract is not controlling in resolving the alleged solidary responsibility of Allsate. *In solido* liability may occur either by operation of law or by contract. Markel does not allege that the law automatically imposes solidary responsibility on Allstate. Markel asserts that Allstate, by virtue of its subsequent agreement with Daigle, contractually agreed to place itself in his stead and to pay Mrs. Romero any judgment Daigle is legally obligated to pay. Markel as subrogee of Plaintiff has the right to demand from Allstate payment of the judgment to the same extent and in the same amount that Plaintiff could demand payment from Daigle.

We find Allstate is entitled to a credit for amounts paid by it on behalf of Daigle to Mrs. Romero. In *Hazelwood*, applying the precepts of the law on stipulations *pour autrui*, we found that Gulf/Chevron was responsible to the third party beneficiary for all damages caused by its actions based on the language in the contract "Grantee shall be responsible for all damages caused by his operations." *Hazelwood,* 790 So.2d at 101. Likewise, in the present case, Allstate entered into a written agreement which states "Allstate Insurance Company has agreed to defend, hold harmless, and indemnify Percy Daigle in the above captioned matter and to satisfy any judgment he is legally obligated to pay." Daigle is only legally obligated to pay the judgment, less any credit for payment previously made to Mrs. Romero by him personally or on his behalf.

We now turn to the trial court's determination of liability. As we have previously held in *Hayes v. Covey*, 06-382, p. 2 (La. App. 3 Cir. 9/27/06), 939 So.2d 630, 631 ( quoting *Hines v. Garrett*, 04-806, pp. 1-2 (La.6/25/04), 876 So.2d 764, 765-66):

5

We review a district court's grant of summary judgment *de novo*, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Summary judgment is warranted only if "there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law." La. Code Civ. Proc. Art. 966(C)(1). In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor. *Hayes v. Covey*, 2006-382, (La. App. 3 Cir. 9/27/06), 939 So.2d 630 .

Where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a mater of law," then summary judgment is appropriate. La. Code Civ.P. art. 966(B). *Bellard v. Am. Cent. Ins*., 958 So.2d 107 (La.App. 3 Cir. 5/30/07). We further explained in *Hayes,* "a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Smith v. Our Lady of the Lake Hosp., Inc*., 93-2512, p. 27 (La. 7/5/94) 639 So.2d 730, 751." *Hayes,* 939 So.2d at 631 (quoting *Hines v. Garrett*, 04-806, pp. 1-2 (La. 6/25/04), 876 So.2d 764, 765-66*)*. The determination of whether a fact is material must be determined in light of the relevant substantive law. *Weingartner v. La. IceGators*, 02-1181 (La.App. 3 Cir. 4/17/03), 854 So.2d 898, *writ denied,* 03-1388 (La. 9/13/03), 853 So.2d 645. See also *Hayes, Id.*

Louisiana law provides the following: "The driver of a vehicle shall not back the same unless such movement can be made with reasonable safety and without interfering with other traffic". La. R.S. 32:281 A.

Louisiana Revised Statute 32:124 further provides:

The driver of a vehicle about to enter or cross a highway from a private road, driveway, alley or building, shall stop such vehicle immediately prior to driving onto a sidewalk or onto a sidewalk area

extending across any alleyway or driveway, and shall yield the right of way to any pedestrian as may be necessary to avoid collision, and shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard.

This Court has previously held it is the reversing motorist who has the heightened duty to avoid an accident.

An unusual degree of care is required of motorists who drive vehicles from a private driveway into a highway, and this requirement is increased when the vehicle is being backed into the highway." *Josey v. Granite State Fire Ins. Co.*, 122 So. 2d 303 (La.App. 2 Cir. 1960). When executing such a maneuver, the motorist must proceed with utmost caution and use great care and attention to be sure that it can be accomplished without interfering with other vehicles. *Schackai v. Tenneco Oil Co.*, 436 So.2d 729, 732 (La.App. 4 Cir. 1983). Further, this court has previously held that a driver who is already on the roadway has the right to assume that a motorist on a private driveway will not enter the roadway until the driver has already passed. *Valin v. Barnes*, 550 So.2d 352 (La. App. 3 Cir.), *writ denied,* 552 So.2d 399 (La.1989). *Beard v. Coregis Ins. Co.* 07-314 (La. App. 3 Cir. 10/17/07), 968 So.2d 278.

We likewise held in *Melancon v. Lafayette Ins. Co.*, 05-762(La.App. 3 Cir. 3/29/06), 926 So.2d 693:

Pursuant to La. R.S. 32:281(A), a driver must not back his vehicle unless he can do so safely and without interfering with traffic. The driver of a backing vehicle has a high duty of care to determine whether he can back his vehicle safely. Citing *Andrews v. Mosely Well Serv.*, 514 So.2d 491 (La.App. 3 Cir.), *writ denied*, 515 So.2d 807 (La. 1987). *Melancon*, 926 So.2d at 705.

A review of the record establishes there is no genuine dispute that Mr. Daigle was backing out of his driveway onto the public roadway while Mr. Romero was driving along Mitchell Boyer Road. The record further shows there is no genuine legal dispute that Mr. Daigle had a duty not to back his vehicle into the highway unless he could do so safely. This duty is described in the law as a "high duty of care." *Andrews,* 514 So.2d at Furthermore, even if Mr. Romero saw Mr. Daigle backing out of his driveway, he had a right to assume that Mr. Daigle would not enter the highway until Mr. Romero had safely gone past him. *Valin v. Barnes*, 550 So.2d

7

at 355-356 and *Beard v. Coregis,* 968 So.2d at 283-284. There is no genuine factual dispute that Mr. Daigle failed to observe the high degree of care imposed upon him and that he did not yield the right of way to Mr. Romero. Allstate presented no evidence at the Motion For Summary Judgment on liability which created a genuine factual dispute and the law clearly dictates the liability consequence of Mr. Daigle's admitted failure. The trial court acted properly in granting the Motion For Partial Summary Judgment finding Mr. Daigle solely at fault.

## CONCLUSION

Mr. Daigle's application for supervisory writs is granted; he is entitled to credit for any amounts paid by Allstate to Mrs. Romero.

Motion For Partial Summary Judgment as to liability Affirmed.

Motion For Summary Judgment Or Dismissal Reversed.

Costs are assessed equally between Markel American Insurance Company and Allstate Insurance Company.

## DECREE

**AFFIRMED IN PART, REVERSED IN PART, REMANDED**
**Sullivan J. Concurs in the result. Ezell, J. Concurs in the result.**