NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-724


NEIL RABEAUX

VERSUS

RONALD J. THERIOT, SHERIFF, ET AL.


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 79005
HONORABLE CHARLES L. PORTER, DISTRICT JUDGE

**********

PHYLLIS M. KEATY
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Phyllis M. Keaty, Judges.


AFFIRMED.

**Carl J. Rachal**
**Simon Law Offices**
**122 Representative Row**
**Lafayette, Louisiana  70508**
**(337) 232-2000**
**Counsel for Plaintiff/Appellant:**
  **Neil Rabeaux**

**Patrick B. McIntire**
**Robin J. Magee**
**Oats & Marino**
**100 East Vermilion Street, Suite 400**
**Lafayette, LA 70501**
**(337) 233-1100**
**Counsel for Defendants/Appellees:**
  **Ronald J. Theriot, Sheriff**
  **Deputy Jerod Prunty**

**KEATY, Judge.**

Neal Rabeaux filed a Petition for Damages for Wrongful Arrest and False Imprisonment against Ronald J. Theriot and Jerod Prunty (sometimes collectively referred to as "defendants"), both individually, and in their respective official capacities as Sheriff and Deputy of St. Martin Parish.[1] The trial court granted summary judgment in favor of Sheriff Theriot and Deputy Prunty based on emergency-preparedness immunity, and Rabeaux now appeals. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

During the early morning hours of May 20, 2011, Deputy Prunty was patrolling Butte La Rose, Louisiana, in an effort to ensure public safety in conjunction with a State of Emergency and voluntary evacuation in effect in the area due to the imminent threat of flooding along the Mississippi and Atchafalaya Rivers. At approximately 1:30 a.m., Deputy Prunty spotted a man who was later identified as Rabeaux walking along the side of the road. Rabeaux had elected to remain at his residence on the Atchafalaya Highway in St. Martin Parish during the evacuation.[2] After observing Rabeaux for several minutes, Deputy Prunty activated the emergency lights of his patrol vehicle and began questioning Rabeaux. During that interaction, Deputy Prunty noticed that Rabeaux appeared intoxicated and that he had a pistol on his waistband that had been obscured by his shirt or jacket. Thereafter, Deputy Prunty asked Rabeaux for his identification and

---

[1] The St. Martin Parish Sheriff's Department was also named as a defendant but Rabeaux dismissed his claims against it, without prejudice, by Consent Judgment dated July 24, 2012.

[2] The parties agree that Rabeaux's residence was included in the evacuation orders issued for Butte La Rose.

radioed the St. Martin Parish Sheriff's Office Communications Dispatch Center to determine whether Rabeaux had a criminal record. Upon being informed that Rabeaux was a felon with multiple convictions, Deputy Prunty arrested Rabeaux and charged him with Illegal Carrying of a Firearm and Possession of a Firearm by a Felon. Rabeaux was booked in the St. Martin Parish jail where he remained for four nights. The charges against Rabeaux were later dismissed after it was discovered that Rabeaux was not a convicted felon.

Rabeaux filed the instant lawsuit against defendants on May 18, 2012, for the damages he allegedly sustained as a result of his wrongful arrest and false imprisonment. In response, defendants filed a motion for summary judgment alleging that they were entitled to immunity pursuant to La.R.S. 29:735(A)(1) due to the declared state of emergency in effect for the area at the time of Rabeaux's arrest. Rabeaux opposed the motion. Following a March 19, 2014 hearing, the trial court took the matter under advisement. On June 9, 2014, the trial court issued Reasons for Judgment granting summary judgment in favor of defendants. Written Judgment was signed on August 14, 2014, dismissing Rabeaux's claims against Sheriff Theriot and Deputy Prunty with prejudice. Rabeaux now appeals that judgment.

**DISCUSSION**

In his sole assignment of error, Rabeaux contends that the trial court "committed reversible error and abused its discretion by failing to find that there were genuine issues [of] material fact" regarding whether Deputy Prunty's actions in arresting him amounted to "criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct."

2

The summary judgment procedure of La.Code Civ.P. art. 966(A)(2) "is designed to secure the just, speedy, and inexpensive determination of every action" except in certain designated cases. It is favored and is to be construed to accomplish those ends. *Id.* The trial court shall enter summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B)(2).

Further, and although La.Code Civ.P. art. 966(C)(2) expressly provides that "[t]he burden of proof remains with the movant[,]" the movant's burden does not require him to negate all essential facts of the adverse party's claim if the movant will not be required to bear the burden of proof at trial. Instead, the movant must "point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." *Id.* In turn, thereafter, if "the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." *Id.*

On appeal, the reviewing court considers a trial court's grant or denial of a motion for summary judgment under the same criteria that governed the trial court's consideration of the motion and pursuant to the *de novo* standard of review.

*Baldwin v. CleanBlast, LLC*, 14-1026, pp. 4-5 (La.App. 3 Cir. 2/4/15), 158 So.3d 270, 272-73, *writ denied,* 15-461 (La. 5/15/15), 170 So.3d 163.

"[A] fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Smith v. Our Lady of the Lake Hosp., Inc.,* 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751." *Hayes* [*v. Covey,* 06-382 (La.App. 3 Cir. 9/27/06),] 939 So.2d [630]*,* 631 (quoting *Hines v. Garrett,* 04-806, pp. 1-2 (La.6/25/04), 876 So.2d 764, 765-66). The determination of whether a fact is material must be determined in light of the relevant substantive law.

*Romero v. Allstate Ins. Co.,* 08-256, p. 6 (La.App. 3 Cir. 5/13/09), 11 So.3d 579, 583, *writ denied,* 09-1325 (La. 10/9/09), 18 So.3d 1283. Along those lines, our supreme court has held that:

A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate.

*In re Succession of Holbrook*, 13-1181, p. 3 (La. 1/28/14), 144 So.3d 845, 848 (citations omitted).

In the context of an appeal of a trial court's grant of summary judgment in favor of defendants based upon the immunity afforded in La.R.S. 29:735, this court recently held:

> Whether a given set of conduct rises to the level of "willful misconduct" or "criminal, willful, outrageous, reckless, or flagrant misconduct" is a standard created by law to determine whether liability will result from that conduct; as such, **the question of whether a given set of conduct rises to the level of "willful misconduct" or "criminal, willful, outrageous, reckless, or flagrant misconduct" is purely a question of law, and is within the province of the trial court to determine at the summary judgment stage**.

*Koonce v. St. Paul Fire & Marine Ins. Co.*, 15-31, p. 3 (La.App. 3 Cir. 8/5/15), 172 So.3d 1101, 1103-04 (emphasis added) (quoting *Haab v. E. Bank Consol. Special Serv. Fire Prot. Dist. of Jefferson Parish*, 13-954 (La.App. 5 Cir. 5/28/14), 139 So.3d 1174, *writ denied sub nom. Haab v. E. Bank Consol. Special Serv. Prot. Dist. of Jefferson Parish*, 14-1581 (La. 10/24/14), 151 So.3d 609).

### *Law*

> The Louisiana Homeland Security and Emergency Assistance and Disaster Act (hereafter "the Act"), La.R.S. 29:721[-739], defines emergency preparedness as "the mitigation of, preparation for, response to, and the recovery from emergencies or disasters." La.R.S. 29:723(4). A disaster is "a natural or man-made event which causes loss of life, injury, and property damage, including but not limited to natural disasters such as a hurricane." La.R.S. 29:723(2). An emergency is "the actual or threatened condition that has been or may be created by a disaster." La.R.S. 29:723(3)(a). Louisiana Revised Statutes 29:735, provides, in pertinent part:

A. (1) Neither the state nor any political subdivision thereof, nor other agencies, nor, except in case of willful misconduct, the agents' employees or representatives of any of them engaged in any homeland security and emergency preparedness activities, while complying with or attempting to comply with this Chapter or any rule or regulation promulgated pursuant to the provisions of this Chapter shall be liable for the death of or any injury to persons or damage to property as a result of such activity.

Thus, the State, its agencies, and political subdivisions are afforded complete immunity for injury or death resulting from emergency preparedness activities. *Castille v. Lafayette City-Parish Consol. Gov't,* 04-1569 (La.App. 3 Cir. 3/2/05), 896 So.2d 1261, *writ denied,* 05-0860 (La.5/13/05), 902 So.2d 1029. Pursuant to the same statute, agents, representatives, or employees of the State, its political subdivisions, or agencies are also completely immune except where they have engaged in willful misconduct in the course of preparing for a disaster or emergency. *Id.*

*Koonce*, 172 So.3d at 1104. In *Koonce*, we additionally quoted the *Haab* court's directive that:

only the most egregious conduct by agents, employees, or representatives of public agencies that exhibits an active desire to cause harm, or a callous indifference to the risk of potential harm from flagrantly bad conduct, will rise to the level of "willful misconduct" or "criminal, willful, outrageous, reckless, or flagrant misconduct" resulting in a forfeiture of all the immunity protections afforded by the [Louisiana Homeland Security and Emergency Assistance and Disaster Act].

*Haab*, 139 So.3d at 1182.

In support of their motion for summary judgment, defendants submitted a statement of uncontested facts; an affidavit executed by Deputy Prunty; an affidavit executed by Terry Guidry, the St. Martin Parish Director of the Office of Homeland Security and Emergency Preparedness; and a copy of the State of Emergency proclaimed by the St. Martin Parish on May 4, 2011. Rabeaux opposed the motion, attaching thereto his own affidavit, a copy of Deputy Prunty's

5

February 23, 2014 deposition, four photographs, and a copy of the affidavit executed by Deputy Prunty in conjunction with Rabeaux's arrest. In his opposition memorandum, Rabeaux claimed that of the seventeen items contained in defendants' statement on uncontested facts, only the first eight items qualify as being uncontested. Rabeaux argued that if one was to accept his version of the facts as true, that would necessarily mean that Deputy Prunty made false statements regarding his having probable cause to arrest Rabeaux. Rabeaux further submitted that if Deputy Prunty made false statements, he did so voluntarily and intentionally, such that his actions would amount to willful misconduct and he would not be entitled to the qualified immunity recognized in La.R.S. 29:735. Nevertheless, Rabeaux admitted for purposes of the motion that St. Martin Parish was under a declared State of Emergency due to an imminent threat of flooding, that Deputy Prunty was patrolling the area to facilitate public safety as part of the emergency response effort, and that the Butte La Rose area was under a voluntary evacuation on the night of his arrest.

In a reply memorandum in support of their motion for summary judgment, defendants asserted that Rabeaux's affidavit was inconsistent with the facts alleged in his original petition and, thus, was insufficient to create a genuine issue of material fact because he failed to offer any justification to explain the inconsistency. While admitting that Deputy Prunty's immunity under La.R.S. 29:735(A)(1) was conditioned on the absence of willful misconduct on his part, defendants submitted that because Rabeaux's allegation against Deputy Prunty either amounted to negligence or unsupported legal conclusions, his claims should not survive summary judgment. Finally, defendants submitted that La.R.S. 29:735(A)(1) clothed Sheriff Theriot with absolute immunity regardless of whether

6

Deputy Prunty's actions were found to amount to willful misconduct. An excerpt from Deputy Prunty's deposition was attached to defendants' reply memorandum.

In its Reasons for Judgment, the trial court found that Deputy Prunty and Sheriff Theriot were "entitled to judgment as a matter of law" "under the undisputed facts" because Rabeaux "failed to present any evidence on the element of willful misconduct[] to overcome the burden of R.S. 29:735(A). See also La.C.C.P. art. 966(C)(2)."

In his opposition to defendants' motion for summary judgment, Rabeaux claims that "there are significant material facts in dispute." Those so-called disputes concern the following: 1) whether Deputy Prunty saw Rabeaux enter and exit the woods; 2) whether Rabeaux had interacted with and handed his gun over to the National Guardsmen before Deputy Prunty observed him on the night in question;[3] 3) whether Rabeaux was wearing a jacket or a long-sleeved shirt; 4) whether Rabeaux was intoxicated and/or whether Deputy Prunty smelled alcohol on his breath; 5) whether Rabeaux told Deputy Prunty that he was out that night to check the water level or to check his mail.

As previously noted, "the question of whether a given set of conduct rises to the level of 'willful misconduct' or 'criminal, willful, outrageous, reckless, or flagrant misconduct' is purely a question of law, and is within the province of the trial court to determine at the summary judgment stage." *Koonce*, 172 So.3d at 1104. Moreover, "[u]nfounded assertions, conclusory allegations and subjective opinions cannot satisfy plaintiff's burden under La.C.C.P. art. 966 to produce factual support sufficient to satisfy his evidentiary burden at trial." *King v. Phelps*

---

[3] Rabeaux argues that if he had given his gun to a National Guardsman before Deputy Prunty arrived, then Deputy Prunty could not have observed the gun on his person.

*Dunbar, L.L.P.*, 01-1735, p. 15 (La.App. 4 Cir. 4/2/03), 844 So.2d 1012, 1022, *writ denied,* 03-1220 (La. 11/21/03), 860 So.2d 541.

After having performed a de novo review, we conclude that defendants proved that no genuine issues of material fact remained and that they were entitled to judgment as a matter of law. Rabeaux acknowledged that Deputy Prunty was patrolling the area where Rabeaux lived to facilitate public safety as part of the emergency response effort to the threat of flooding. According to his petition, Rabeaux admitted that he was wearing a pistol in a waistband holster when he encountered Deputy Prunty. Further, although Rabeaux asserted that he was not a convicted felon, he did not dispute that Deputy Prunty was advised otherwise when he contacted the St. Martin Parish Sheriff's Office Communications Dispatch Center, and that Deputy Prunty arrested him based upon that incorrect information. Based upon those key facts, we conclude, as a matter of law, that Deputy Prunty's action did not amount to willful misconduct and that defendants met their burden of proving their entitlement to summary judgment regardless of the remaining details of the encounter between Rabeaux and Deputy Prunty.[4] As such, we affirm-

---

[4] In *George v. Dover Elevator Co.*, 02-821, p. 4 (La.App. 4 Cir. 9/25/02), 828 So.2d 1194, 1197, *writ denied,* 02-2641 (La. 12/13/02), 831 So.2d 992 (citations omitted), the appellate court declared:

> An inconsistent affidavit offered only after the motion for summary judgment was filed is not sufficient to create a genuine issue of material fact where no justification for the inconsistency is offered. This is to prevent the too easy thwarting of summary judgment procedure by the mere filing of an affidavit contradicting inconvenient statements found in previous deposition testimony when the mover has no opportunity to cross-examine the witness concerning the inconsistencies and the trial court is prevented from weighing evidence by the rules of summary judgment.

Based on the foregoing rationale, we conclude that because the allegations Rabeaux made in the affidavit he filed in opposition to defendants' motion for summary judgment were inconsistent with the allegations that he asserted in his petition for damages (i.e., in his petition he asserted that he had a pistol on his waistband when approached by Deputy Prunty whereas in his later-

the trial court's grant of summary judgment in favor of Sheriff Theriot and Deputy Prunty based on emergency-preparedness immunity afforded in La.R.S. 29:735.

## DECREE

For the foregoing reasons, the judgment in favor of Sheriff Ronald J. Theriot and Deputy Jerod Prunty, dismissing Neal Rabeaux's claims against them with prejudice, is affirmed.  All costs of this appeal are assessed against Neal Rabeaux.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

---

filed affidavit he asserted that he was approached by National Guardsmen to whom he disclosed that he was carrying a gun and to whom he relinquished that gun fifteen to twenty minutes before Deputy Prunty arrived on the scene), and because Rabeaux offered no explanation for those inconsistencies, his affidavit was insufficient to create any genuine issues of material fact.